### BURG JOSLIN v. THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Infant prima facie doli incapax. Instructions.*

It is error on the trial for murder of an infant, *prima facie doli inca-pax*, to give instructions for the state which omit all reference to the burden resting on the prosecution to show that the accused was capable of distinguishing between right and wrong.

2. SAME.

Such error will not be cured by other instructions, given for the state and the accused, announcing that the prosecution must prove that the accused was *doli capax*, in case the record does not clearly show that the vicious influence of the erroneous instructions was removed by the correct ones.

3. SAME. *Dying declarations. Sense of dissolution.*

A dying declaration, although made *in extremis*, is not admissible in evidence unless the declarant was, at the time, under a sense of impending dissolution.

FROM the circuit court of Tishomingo county.

HON. E. O. SYKES, Judge.

Burg Joslin, appellant, was indicted for murder, convicted of manslaughter, and appealed to the supreme court. The state prosecuted a cross appeal. The facts are stated in the opinion of the court.

*Candler & Candler*, for appellant.

If under seven years old, a person is *doli incapax;* between seven and fourteen years of age he is *prima facie doli incapax.* In such case, the trial for crime of one *prima facie doli incapax,* the evidence must show, to warrant conviction, beyond a reasonable doubt, that the accused was at the time capable of committing the crime, and had a guilty knowledge of the crime charged. 4 Blackstone's Com., 24; 4 Am. & Eng. Enc. L., p. 684, note 3, and authorities there cited.

The first instruction given for the state was erroneous. There is no room for implied malice in this case. It will not do to say that the error of the instruction was cured by the other instructions. The other instructions do no more than contradict the first one, and left the jury to select between irreconcilable directions. The sixth charge given for the state is also erroneous; while it follows the language of the statute (§ 1158 code 1892), it certainly has no application to a case like the one at bar.

*Wiley N. Nash*, attorney-general, for the state.

The instructions complained of, all announce correct principles of law. While they do not embody the idea that the state should prove the appellant *doli capax*, yet they must be read in conjunction with the other instructions, which give appellant the full advantage of the doctrine. Certainly instructions must be considered as a whole; the state's instructions excluding defendant's from consideration, are not only correct but fair and just to the accused. The evidence in this case, which justified the jury in finding that appellant was *doli capax*, is found in the incidents of the tragedy; the declarations and conduct of the accused just after; in short, in all the surrounding circumstances. This character of evidence is better than the opinion of witnesses. This court, we think, should affirm on the direct appeal, but on the cross appeal of the state, we ask for a judgment declaring that the dying declaration should have been received in evidence. The declarant stated that he expected to die—true, he did not say when—but his condition at the time, coupled with the statement, were conjointly sufficient to show that the deceased was, at the time he made the declaration, under a sense of impending dissolution.

Argued orally by *E. S. Candler, Jr.*, for appellant, and by *Wiley N. Nash*, attorney-general, for the state.

TERRAL, J., delivered the opinion of the court.

Burg Joslin was convicted, at the January term, 1898, of the circuit court of Tishomingo county, of the crime of manslaughter, in the homicide of a neighbor boy, Lucius Brown. The unfortunate occurrence happened at night, at Barnes' Chapel, just as the congregation was about to disperse to their homes. The two boys were under fourteen years of age, and but little is known of the difficulty between them, save that one of them was stabbed and mortally wounded by the other. The motive for the deed, and the special circumstances of the case, are unknown. The defendant below was in the twelfth year of his age, and the first and sixth instructions for the state are as follows:

" 1. If the jury believe, from the evidence, beyond a reasonable doubt, that the accused, with malice, expressed or implied, stabbed the deceased so seriously that he died the next day, then the jury may find the defendant guilty as charged."

" 6. The court instructs the jury that if they believe, from the evidence in this case, beyond a reasonable doubt, that the defendant killed Brown without malice, in the heat of passion, in a cruel and unusual manner, without authority of law and not in necessary self-defense, actual or apparent, then the jury will find the defendant guilty of manslaughter."

Neither of these instructions is qualified by the principle which pervades the common law when dealing with persons under fourteen years of age, that it is incumbent upon the state to show that the defendant had capacity to discern between good and evil. The learned court, in other instructions, both for the state and the defendant, charged the jury that for his conviction he must be shown capable of distinguishing between right and wrong; but we apprehend this ruling did not cure the error in the first and sixth instructions for the state.

The principle contained in these instructions, that the defendant might be convicted without evidence of capacity to discern between good and evil, is opposed to the rule announced in the

instructions requiring such proof; and so leaves the jury to adopt and apply the one rule or the other at their pleasure. In fine, they are left without any certain and definite rule on this most important branch of the case. Could we say, with unshaken confidence, that the vicious influence of the first and sixth instructions for the state was completely removed by the other instructions in the case, we should, under the rule of this court, affirm the judgment, but, upon this record, we cannot so declare ourselves; and, for this error, the judgment must be reversed.

The state takes a cross-appeal in this case, on the ground that certain declarations of the deceased, made, as it is contended, *in extremis*, were excluded from the jury. Declarations of a deceased person, to be admitted in evidence, must not only be made *in extremis*, but must be made when the declarant is under a sense of impending dissolution.

We think that it does not sufficiently appear in this case that the deceased, when the declarations, sought to be given in evidence, were made, was conscious of impending death; and so, therefore, they were properly excluded.

*Reversed and remanded.*