JUPITER BEASON v. STATE OF MISSISSIPPI.

## [50 South. 488.]

CRIMINAL LAW AND PROCEDURE. *Rape. Capacity to commit. Infant under fourteen years of age.*

A male child under fourteen years of age cannot be convicted of rape, in the absence of evidence to show his mental and physical ability to commit the crime.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Beason, appellant, a boy under the age of fourteen years, was indicted, and tried for rape, was convicted and sentenced to the penitentiary for life, and appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*Luther James,* for appellant.

The evidence showed that the appellant was under the age of fourteen years at the time of the alleged crime. There was no evidence to contradict this, or to show that appellant was abnormally developed, either mentally or physically. It is a well settled doctrine, and forcibly so in this state by reason of a recent opinion of this court, that a child under the age of fourteen years cannot be convicted of rape, unless the evidence shows beyond a reasonable doubt that such child was abnormally developed. See 1 Wharton's Crim. Law, § 1134, which says: "At common law, a child under fourteen years is presumed incapable of committing rape, though in the state of Ohio this presumption may be rebutted by the state. The contrary, however, is the better approved opinion." To the same effect is 16 Am. & Eng. Ency. of Law (2d ed.) 315. This is the rule laid down in England and all of the states of the Union. In England, and a vast majority of the states, a child under the age of fourteen years is conclusively presumed to be incapable

of committing the crime of rape. *State v. Handy*, 4 Harr. (Del.) 566; *Comm. v. Green*, 2 Pick. (Mass.) 380; *State v. Sam*, 1 Winst. L. (60 N. C.) 300; *McKinney v. State*, 29 Fla. 565; *Williams v. State*, 20 Fla. 777.

The state introduced no evidence to show the age of appellant, but more than six witnesses were introduced, in behalf of appellant, who all testified that they had known appellant from infancy and that he was only eleven or twelve years old.

*John T. Haney*, on the same side.

Appellant introduced evidence for the purpose of showing, among other things, that he was under the age of fourteen years at the time the offense was charged, and the state offered no evidence for the purpose of showing that appellant was over the age of fourteen years. A peremptory instruction to find appellant not guilty was asked by defendant on the ground that the evidence showed the appellant to be under the age of fourteen years. Several witnesses were introduced by appellant who testified that they remembered when he was born, the exact date they did not know, but each testified that he was born in the latter part of January, 1898, which would make the appellant ten years and ten months of age when the crime was alleged to have been committed. In addition to the above testimony, a family Bible was introduced with the following record therein: "Jupiter Beason born in Jasper County, January 29, 1898." Appellant's sister testified that she recorded the birth of appellant in the Bible.

There is no statute in this state changing the common law rule and making it permissible to show that a boy under the age of fourteen years was competent to commit the crime; the authorities holding that there is a conclusive presumption of law that a boy under the age of fourteen years cannot commit rape. If such presumption can be overcome by showing that he was both mentally and physically able to commit the crime it was not done in this case.

Opinion of the court.

*George Butler,* assistant attorney-general, for appellee.

The crime was clearly proved. Appellant's principal defense was that he was under the age of fourteen years at the time, and accordingly legally incapable of committing the crime. This being an affirmative defense, the burden was on appellant to establish his age by proper evidence. 10 Encyc. Ev. 580; *State v. McNair,* 93 N. C. 628.

Different witnesses for appellant, his relatives, testified that he was born in 1898 or 1899, and accordingly was under fourteen years of age when the crime was committed. These witnesses all, however, testified that before appellant and his mother removed to Hattiesburg, in Forrest county, they had resided several years with a Mr. Kelby, who lived several miles out of the city. Such witnesses admit that this was in 1898 or 1899, and that appellant at such time was a child beginning to walk and talk. Kelby and his son testified that appellant and his mother left their place in 1897, and that appellant at such time was a well grown child of three or four years of age, apparently.

The appellant was before the jury, they took into consideration not only the testimony but also his appearance and growth, and their verdict was just.

The case was fully covered by ample instructions, and justice demands that the judgment of the court below be affirmed.

SMITH, J., delivered the opinion of the court.

Appellant, a boy under the age of fourteen years, was convicted in the court below of the crime of rape. There was no evidence of his mental capacity to entertain a criminal intent, or of his physical ability to commit the crime of rape. At the close of the evidence, appellant requested, and was refused, an instruction charging the jury to find him not guilty. A criminal intent is an essential element of every crime. Such an intent cannot be entertained by an infant until he or she has developed sufficient intelligence and moral perception to dis-

tinguish between right and wrong and to comprehend the consequence of his or her act.

Under the age of fourteen years an infant is presumed not to have reached this state of development, and to be incapable of entertaining a criminal intent. But as in fact the age at which children reach this state of development varies, this presumption between the ages of seven and fourteen is only *prima facie,* and can be overcome by proof. Under the age of seven this presumption is conclusive. *Westbrook v. Railroad Co.,* 66 Miss. 567, 6 South. 321, 14 Am. St. Rep. 587; 22 Cyc. 622; 16 Am. & Eng. Ency. of Law (2d ed.) 311. In the crime of rape, in addition to mental capacity to entertain a criminal intent, there is also involved the element of physical ability to commit it, and this physical ability cannot exist until the infant has arrived at the age of puberty. In most jurisdictions, an infant under the age of fourteen is conclusively presumed not to have arrived at the age of puberty, and hence incapable of committing rape. But the rule, and we think the safer rule, in some jurisdictions is that this presumption is only a *prima facie* one, and can be overcome by proof. 16 Am. & Eng. Ency. of Law (2d ed.) 315, and authorities there cited.

The learned judge who tried the case in the court below seems to have correctly announced the law in his instructions to the jury; but, as there were no facts in evidence by which these presumptions could have been overthrown, there was nothing to submit to the jury, and the peremptory instruction should have been given.

*Reversed and remanded.*