## WILLIAM MILES *v.* STATE.

### [54 South. 946.]

1. CRIMINAL LAW. *Infant. Intent. Evidence. Burden of proof.*

   Criminal intent is an essential element of crime. An infant under the age of seven years is by law conclusively presumed to be incapable of distinguishing between right and wrong and therefore incapable of entertaining criminal intent.

2. SAME.

   An infant between the ages of seven and fourteen years is *prima facie* presumed to be incapable of entertaining criminal intent, but this *prima facie* incapacity to commit crimes may be overcome by proof that the infant is in fact mentally capable of distinguishing between right and wrong, but the burden of proof in such case is upon the state.

3. SAME. *Admission of evidence. Previous threats.*

   In a case of assault and battery with intent to kill, where the evidence is conflicting as to who was the aggressor, previous threats of the prosecutor whether communicated to the accused or not are admissible in evidence for the purpose of throwing light on the question as to who was the aggressor in the difficulty.

APPEAL from the circuit court of Calhoun county.
HON. W. A. ROANE, Judge.

William Miles was convicted of an assault and appeals.

The facts are fully stated in the opinion of the court.

*J. L. Bates,* for appellant.

We say that this record shows that it is uncertain as to who was the aggressor in the difficulty. If we are correct as to this, the court should have admitted the testimony offered to be proven by the appellant and Henry Lyon. In the case of *Prine* v. *State,* 73 Miss. 838, our court says:

''When on a trial for an assault with intent to kill, it is not clear who was the aggressor, it is error to exclude testimony offered by the accused to the effect that, on the day of the difficulty, the person shot wanted to exchange knives with one witness, so as to secure a knife with a longer blade, informing the witness that he was going to have a row with the accused that day, and asking him to stand by him, and that there was only one man in the world whom he wanted to kill, and that was the accused, tend to show whether or not he acted in self-defense, as he claimed to have done.'' In the case of *Johnson* v. *State,* 5 So. Rep. 95 and 97, Justice Cooper says: ''If on a trial for murder A swears that the accused, and B that the deceased was the aggressor, the killing is of doubtful origin, within the rule, though the jury should on final consideration believe A and disbelieve B.''

In the case of *Bell* v. *State,* 5 So. Rep. 389, 66 Miss. 192, at the end of the opinion, Justice Cooper says:

''The court erred in excluding evidence of previous but uncommunicated threats made by the injured party against the accused. There was evidence tending to prove that the injured party made the first hostile demonstration and though the jury might have disbelieved that such was the case, yet under the circumstances, evidence of uncommunicated threats is admissible.''

Certainly if it is doubtful in this case who was the aggressor, it would be proper to admit communicated threats.

We contend on authority that it was a part of the state's case, absolutely a necessary element to sustain a conviction, to prove to the satisfaction of the jury that the appellant was capacitated to commit crime; that he knew right from wrong and further it was absolutely encumbent upon the state by competent and positive testimony to completely break through and destroy the presumptive shield of incapacity to commit crime that the

law casts around a child under the age of fourteen years
when charged with crimes. A minor charged with crime
has the legal presumption of innocence even after the
state has satisfactorily proven his capacity to commit
crime. Chase's Blackstone, 1877 Ed., pp. 862 and 863;
also, see *Joslin* v. *State,* 75 Miss. 838, 23 So. 515, which
is in point. See Ency. of Evidence, vol. 7, pp. 263 and
264 where we find the rule to be that, ''The law con-
clusively presumes that an infant under the age of seven
years is incapable of committing crime.''

On pages 264 and 265 of vol. 7, on evidence *supra,* we
find the rule to be that at common law both in England
and in the United States that an infant between the ages
of seven and fourteen years is *prima facie* incapable of
committing crime and that this presumption decreases
with the increase of years. This presumption is not a
conclusive one but may be rebutted by evidence clearly
proving the existence of that knowledge and discretion
deemed requisite to a legal accountability. The burden
of proof being always on the state. See, also, 15 So.
Rep. 468.

The fourth assignment of error that the court failed
to instruct the jury at the instance of the state that the
defendant was *prima facie* incapacitated to commit
crime.

We again state that it was a necessary element to be
proven by the state that the appellant had reached that
age of knowledge and discretion that he knew right from
wrong and was capacitated to commit crime. If we are
correct as to this proposition, then it was the duty of
the court, at the instance of the district attorney, or
either, to so instruct the jury as to the law in such
cases. See *Joslin* v. *State,* 75 Miss. 838, 23 So., *supra,*
vol. 7, p. 265, Ency. Evi., *supra.*

*Jas. R. McDowell,* assistant attorney-general, for appellee.

As a general rule threats made by one against the defendant and which are not communicated to him, are not admitted in evidence since such threats are not a legal defense for the party guilty of committing the assault. There are exceptions to this rule, however, such exceptions being where the origin of the difficulty is doubtful. That is to say, it is in doubt as to who was the aggressor. It seems clear from this record that the defendant was without doubt the aggressor although he himself testifies to the contrary. It will be observed, however, that by his own testimony, which is contradicted by every other witness, it is only shown that the young boy whom he assaulted assumed a sort of threatening attitude and really never assaulted him. The state's witnesses say that the attacked never did anything. I do not consider, under the facts, that there is any doubt who was the aggressor. Of course, the jury might have believed the defendant and disbelieved everybody else, but even in this event, I submit such an attack was not made upon the defendant as warranted a retaliation which he gave. The facts in the case are so strong that if this error (and it probably was error) occurred I hardly think the case should be reversed, but submit the proposition to the court.

It is next contended that it is not shown by the record that the defendant has the capacity to commit crime, being under fourteen years of age at the time the crime was committed. The general rule of law is that between the ages of seven and fourteen years is *prima facie* evidence that one is not responsible for crime, though as the age increases the responsibility increases. The defendant was so near fourteen that the evidence of his action both at the time the crime was committed and on the trial, were sufficient to convince the jury that he was

criminally responsible. I hardly think that testimony could have carried greater conviction.

Whatever presumption attaches on account of his tender years is absolutely overcome by the testimony, and counsel comes too late to take advantage of that which he did not claim on the trial in the lower court.

ANDERSON, J., delivered the opinion of the court.

The appellant, William Miles, was indicted for assault and battery with intent to kill and murder. There were two trials. On the first trial he was convicted of an assault and battery. A new trial was granted, and on the second trial he was convicted of an assault, and appeals to this court.

The appellant, who was at the time of the alleged crime over seven and under fourteen years of age, struck Nathaniel Harley with a stick, inflicting a serious wound on the head. There is no evidence whatever as to whether appellant was mentally capable of distinguishing between right and wrong. It is contended that for this reason the court below should have granted a new trial; one ground of the motion being that there was not sufficient evidence to support the verdict of the jury.

Criminal intent is an essential element of crime. An infant under the age of seven years is by law conclusively presumed to be incapable of distinguishing between right and wrong—incapable of entertaining criminal intent. At such tender age, the infant is conclusively presumed not to have sufficient mental perception to distinguish between the evil and the good. An infant between the ages of seven and fourteen is *prima facie* presumed to be incapable of entertaining criminal intent; but this *prima facie* incapacity to commit crime may be overcome by proof that the infant is in fact mentally capable of distinguishing between right and wrong.

The burden of showing this rests upon the state, and, if it is not shown, no crime is shown, and an acquittal must result. *Beason* v. *State,* 50 South. 488; *Joslin* v. *State,* 75 Miss. 838, 23 South. 515. The court below should have granted a new trial on the ground the evidence failed to show that appellant was capable of committing crime.

The appellant offered to prove by the witness Henry Lyons that, a few days before the alleged crime, the witness Nathaniel Harley, alleged to have been assaulted by appellant, stated to him that the first chance he got he was going to knock appellant's brains out with a brick; and appellant offered to testify that shortly before the alleged crime Nathaniel Harley told him that his (Nathaniel's) mother had told him the next time he got appellant away from home, to knock his brains out with a brickbat. This testimony was objected to by the state, and by the court ruled out; appellant excepting to the ruling of the court. This action of the court is assigned as error. The evidence is conflicting as to who was the aggressor in the difficulty. In this state of case, the proposed evidence of threats, whether communicated or not, was clearly competent, for the purpose of throwing light on the question as to who was the aggressor in the difficulty—whether the blow struck by appellant was in self-defense, as he claims. *Prince* v. *State,* 73 Miss. 838, 19 South. 711; *Bell* v. *State,* 66 Miss. 192, 5 South. 389.

We pass on none of the other errors assigned, because, if well founded, they are such as will probably not occur on another trial.

*Reversed and remanded.*