## HENRY BENSON *v.* STATE.

[58 South. 833.]

1. CRIMINAL LAW. *Instructions. Harmless error.*

The giving of an instruction in the trial of a murder ·case, that the jury should convict if they believed defendant guilty beyond every reasonable doubt arising from the evidence "or from the want of evidence" was erroneous.

2. SAME.

If there is a "lack of evidence" there is no basis for the jury to rest their conviction on, since that conviction must find its predicate on evidence and not on the "lack of evidence."

3. SAME.

But even in a close case depending largely on circumstantial evidence, where the defendant asked and received numerous instructions wherein the reasonable doubt theory was pressed to its extreme limit, the giving of such an instruction was not reversible error.

APPEAL from the circuit court of Forrest County.
HON. PAUL B. JOHNSON, Judge.

Henry Benson was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for appellant.

The court erred in granting the instruction for the state in which the jury were told that "if they believed from the evidence in the case beyond every reasonable doubt, or the lack of evidence, that the defendant committed this crime, that it was their sworn duty to convict him." We submit that the foregoing is the substance of that instruction and the reasonable interpretation to be put thereon by the jury, and that in a close case like this one was the jury were misguided to, and probably did, convict this defendant on what they might

believe outside of the testimony or the want of testimony; and we submit that that was the fatal weakness, of the state's case, to wit, the lack of evidence. We can only account for this error in the instruction on the part of the learned district attorney from the fact that he had been for a long time defending parties charged with crime, and that the defendant usually gets an instruction which reads as follows:

"That if there arsies in their minds a reasonable doubt either from the evidence or the lack of evidence they should solve that doubt in favor of the defendant and acquit him."

But we submit that that instruction cannot be given for the state as was done in this cause, for in this case the great burden to be carried by the state was to prove by competent evidence that this defendant committed this crime; and when the jury were told that if they believed this defendant guilty beyond every reasonable doubt from the evidence in the case, or from the lack of evidence, that they were thereby directed and commanded not only to convict this defendant if they believe that the state had proven his guilt beyond every reasonable doubt, but they were told to convict him anyway if they believed him guilty even though the state lacked sufficient evidence that this instruction was fatally erroneous, that human life and human liberty cannot be tried and disposed of on that kind of an instruction; that the jury will naturally be inclined to consider all they know, all they hear, and all they feel in the trial of a case of this kind; but when they are plainly told by the court that the law authorize, justifies and demands at their hands a conviction of a negro man charged with the killing of a white boy that, "If they believe from the evidence in the case beyond every reasonable doubt, or from the lack of evidence, that he is guilty, they should find him guilty." That it simply amounts to telling the jury, "If you believe in your minds that this defendant

is guilty, no matter what that belief arises from, whether from the evidence, that is to say, if the state is lacking in evidence to prove his guilt, why, it is all right, convict him anyhow; and we do not believe that this court can or will ever sanction this instruction for the state in a murder trial, because if it applies to this negro, it becomes the law that applies to every man, woman or child who happens to be charged with crime. And we submit that for this error alone the case ought to be reversed and remanded.

*Claude Clayton,* assistant attorney-general, for appellee.

I shall now discuss the ninth assignment of error that is predicated upon the action of the court in granting instruction 1 for the state which objection is based upon the following words, "or the lack of evidence." Before the jury was accepted, I presume that they were asked as to whether or not they had formed or expressed an opinion in regard to the guilt or innocence of the defendant, and if they would try the case upon the law and testimony. Answering these questions in the affirmative, they were accepted on the jury. Their minds were free of any conviction whatever as to the guilt, or innocence of the man on trial. Being in that condition, and the burden of proof being upon the state, the lack of evidence to establish the guilt of appellant would have been, in my opinion, the thing most desired by him, because a lack of evidence would have left the minds of the jury free of any conclusion as to the guilt or innocence of appellant; and while the expression complained in this instruction on its face may present grave and serious aspects, yet a careful scrutiny of its effect must conform to the reasoning set out above; and if so, it is absolutely harmless in its effect upon appellant's rights.

MAYES, C. J., delivered the opinion of the court.

After a careful examination of this case, we can find nothing in the record which would justify a reversal. Appellant was indicted on the 27th day of April, 1911, in Forrest county, for the murder of one Wallace Crimes. Wallace Crimes, a young boy fourteen or fifteen years old, was murdered on the 26th day of December, under circumstances which were cruel in the extreme, and which afforded no justification to the party committing the crime. The facts developed on the trial fully warrant the verdict of the jury convicting appellant, and under the circumstances the punishment is a merciful one; appellant having been sent to the penitentiary for life. This boy was murdered about daylight, on the morning of the 26th of December, 1910, in the lot where he had gone for the purpose of milking the cows, preparatory to taking a hunt that day.

The only feature of this record which we desire to discuss is the error of the state in obtaining the following instruction, being instruction No. 1: "The court instructs the jury, for the state, that if they believe from all the evidence before them, beyond every reasonable doubt arising from the evidence, or from the lack of evidence, that Henry Benson, the defendant, willfully, feloniously, and of his malice aforethought, killed and murdered Wallace Crimes, a human being, in the county and state alleged in the indictment, then they should find the defendant guilty as charged." The state should set the example of giving clear instructions as to the law applicable to every case, where a person is on trial for any offense committed against the laws of the state. This instruction is erroneous and confusing in the extreme. The state attempts to tell the jury that "if they believe from all the evidence before them, beyond every reasonable doubt arising from the evidence," that defendant is guilty, they should so find, and here the state's instruction should have stopped; but it goes

further, and tells the jury "that if they believe from all the evidence, beyond every reasonable doubt arising from the lack of evidence," they should also convict. In the first place, the instruction is so involved as that it would take a college professor to interpret its meaning; and, in the second place, it gives the jury a false guide to be used by them in weighing the testimony. The lack of evidence is a thing beneficial to the cause of the defendant, and the jury should be told this in plain terms, if an instruction is asked on this line. If there is a lack of evidence on the part of the state, there is a failure of proof. Evidence, of course, need not be positive, but it may be circumstantial; but a "lack of evidence" means a lack of both kinds. How can the jury ever be convinced. "from all the evidence before them, beyond every reasonable doubt arising from the lack of evidence?" If there is a "lack of evidence," there is no basis for the jury to rest their conviction on, since that conviction must find its predicate *on evidence,* and not on the "lack of evidence."

This is a close case on its facts, and depends largely upon circumstantial evidence, and if the defense had rested its case after the giving of the above instruction for the state, we would have been compelled to reverse; but we assume that the jury who tried this case were intelligent men, and, taking all the instructions together, whatever error was committed in giving the state's instruction was cured by the instructions asked by the defendant. The defenses asked and received over thirty instructions, and in numerous instances the reasonable doubt theory is pressed to its extreme limit, and put in every possible phase that the jury could get it; and under these circumstances the state's instruction does not constitute such error as would justify a reversal, and the case is affirmed.                    *Affirmed.*

SMITH, J. (concurring).

My brethren have simply misunderstood this instruction. It is elementary law that the reasonable doubt, to the benefit of which a defendant is entitled, must arise from the evidence or from the lack of evidence, and this instruction in plain language so informs the jury. The charge is "that if they believe from all the evidence before them, beyond every reasonable doubt." What sort of a doubt? Any doubt arising from any source? No; a doubt "arising from the evidence or from the lack of evidence." I do not see how the instruction can be tortured into a charge to find the defendant guilty from a lack of evidence.