## HOLMES *v.* STATE.

### (Division B. Dec. 10, 1923.)

#### [98 So. 104. No. 23358.]

CRIMINAL LAW. *Infants. Criminal intent an essential element to every crime; rule as to presumption of incapacity of infant to commit crime stated.*

A criminal intent is an essential element of every crime and an infant under the age of seven years is conclusively presumed to be incapable of entertaining a criminal intent, but between the ages of seven and fourteen the presumption is only *prima facie* and may be overcome by proof that he has developed sufficient intelligence and moral perception to enable him to distinguish between right and wrong and to comprehend the consequences of his acts.

APPEAL from circuit court of Holmes county.

HON. S. F. DAVIS, Judge.

William Holmes was convicted of manslaughter and he appeals. Reversed and remanded.

*W. B. Wilkes,* for appellant.

The first ground mentioned in defendant's assignment of error is that the lower court erred in overruling defendant's motion for a peremptory instruction, as shown on page 16 of the stenographer's notes. To be frank, I think this is the main point in this case.

The uncontradicted proof in this case shows that defendant was born in October, along about the last of Oc-

tober, 1908, the offense is alleged to have been committed in October or November, 1921, which would make the defendant barely thirteen years of age.

The peremptory instruction asked by defendant was based upon the presumption that an infant under fourteen years of age is incapacitated to commit a crime. This fact is too well settled to take up the time of the court in discussing it, further than to say, as I understand the law, and it seems to be well settled, a person under the age of seven years is conclusively presumed to be incapable of committing a crime. So conclusive is this presumption that the law permits of no proof to show one under that age, guilty of crime.

The second presumption, and the one with which we are here concerned, is that the presumption is that a person between the age of seven and fourteen is *incapax doli.* At this age, the defendant is shielded by the presumption, and the burden of showing criminal capacity rests upon the state. This is the rule as laid down in 54 Southern Reporter, page 946 (Miss. Case), 96 Miss. 105, 8 So. 858, and in numerous other cases I do not deem it necessary to cite. It being almost elementary law that an infant under the age of fourteen is presumed to be incapable of committing a crime, and that until this presumption is rebutted, no crime is shown.

As to the question of the burden of proof, I do not think there is much need of argument, however, I desire to call the court's attention to what evidence was and what evidence was not introduced upon this subject, and cite a few authorities upon this point.

The proof for the state merely showed that a blow was struck, that defendant was seen dropping a stick and that he immediately ran, and that deceased died from the effects of a blow upon the head. With that the state rested. Not one word of proof to show criminal capacity on the part of the defendant.

Having utterly failed to offer any proof that would show defendant capable of maintaining a criminal intent, or possessed of criminal capacity, under the present state of this record, the prosecution will be forced to contend that the circumstances surrounding the alleged homicide may be shown to show criminal intent and criminal capacity. While I find no Mississippi decision that will uphold this view, I am frank to say that even though this be the law, the facts in this particular case are insufficient, and the state has wholly failed to meet the burden the law places upon the prosecution in cases of this character. .

I especially desire to call the attention of the court to the case of *Beason* v. *State,* 96 Miss. 105.. In delivering the opinion in that case Judge SMITH said: "Appellant, a boy under the age of fourteen years was convicted in the court below of the crime of rape. There was no evidence of his mental capacity to entertain a criminal intent, or of his physical ability to commit the crime of rape. At the close of the evidence, appellant requested and was refused an instruction charging the jury to find him not guilty. . . . There were no facts in evidence by which these presumptions could have been overthrown, there was nothing to submit to the jury, and the peremptory· instruction should have been given."

In the case of *Miles* v. *State,* 54 So. 946, our court, speaking through Judge ANDERSON, said: "Criminal intent is an essential element of crime . . . an infant between the ages of seven and fourteen is *prima facie* presumed to be incapable of entertaining a criminal intent; but this *prima-facie* incapacity to commit crime may be overcome by proof that the infant is in fact mentally capable of distinguishing between right and wrong. The burden of showing this rests upon the State, and if it is not shown, no crime is shown, and an acquittal must result." Citing *Beason* v. *State,* 96 Miss. 105; *Joslin* v. *State,* 75 Miss. 838.

There can be no doubt that the burden of overcoming this presumption is upon the state, and admitting that the

presumption might be overcome by the particular facts and circumstances surrounding the occurrence, I ask the court to consider whether or not the facts in the case at bar are sufficient to overcome this presumption. '

The prosecution had opportunity to introduce evidence to show the environment of the defendant, and the advantages which he had had, which could have rightfully been considered as circumstances tending to show capacity or incapacity to commit this crime charged. But the learned district attorney very carefully avoided this, because he knew that the witness, King, school teacher, would testify, just as he did when recalled, that defendant did not possess even average mentality, and that his evidence would tend to show that defendant is just a little cornfield negro boy, whose intelligence and mentality is slightly less than normal.

*H. T. Odom,* Assistant Attorney-General, for the state.

It seems to me that the state's case will stand or fall on one proposition, that is to say, whether or not the state met the burden imposed upon it to show that the appellant was sufficiently developed mentally to know the difference between right and wrong.

In briefing cases for the state it has been my policy at all times to be frank with the court. With this idea in mind, and in the hopes that I will be able to be of some assistance to the court in deciding the case at bar, I shall briefly review the authorities which in my opinion are applicable to the points raised by this appeal, without expressing any opinion as to what the judgment of the court should be.

The rule with reference to the criminal responsibility of an infant is clearly and succinctly stated by Wharton in his works on Criminal Law (11 Ed.), Vol. 1, page 552, par. 402, as follows: "Infancy may or may not constitute a defense to a charge of crime, depending upon the age, intelligence of the infant, and the circumstances of the

case. At common law, an infant under the age of seven years is conclusively presumed to be incapable of understanding the nature of a criminal act, and for that reason cannot be held responsible therefor; between the age of seven and fourteen, the presumption is against capacity to commit crime, but this presumption is subject to be overcome by proof of capacity,—the burden of establishing which is, of course, on the prosecution, which must do so by the clearest and strongest proof in case of felony." See also the same authority, same volume, page 119, par. 86.

To the same effect see the following texts on Criminal Law: 14 R. C. L., Subject, Infants, par. 40; 22 Cyc., page 622; 1 Bishop's New Criminal Law (8 Ed.), par. 368 to 371 inclusive; Wharton on Homicide (3 Ed.), page 12; 16 American and English Encyclopaedia of Law (2 Ed.), page 311; 1 McLain on Criminal Law, par. 149 to 153 inclusive. Our own court has followed the foregoing authorities on criminal law in two cases, to-wit: *Beason* v. *State,* 96 Miss. 105, 50 So. 488; *Miles* v. *State,* 99 Miss. 165, 54 So. 946.

In the *Beason case, supra,* the opinion of the court was delivered by the now Chief Justice who used in part the following language: "A criminal intent is an essential element of every crime. Such an intent cannot be entertained by an infant until he or she has developed sufficient intelligence and moral perception to distinguish between right and wrong and to comprehend the consequence of his or her act.

"Under the age of fourteen years an infant is presumed not to have reached this state of development, and to be incapable of entertaining a criminal intent. But as in fact the age at which children reach this state of development varies, this presumption between the ages of seven and fourteen is only *prima-facie,* and can be overcome by proof. Under the age of seven this presumption is conclusive. *Westbrook* v. *Railroad Co.,* 66 Miss. 567, 6 So. 321,

14 Am. St. Rep. 587; 22 Cyc. 622; 16 Am. and Eng. Encyc of Law (2 Ed.), 311."

In the *Miles case, supra,* our court speaking through Justice ANDERSON on the point under consideration, announced the following as being the rule in this state: "Criminal intent is an essential element of crime. An infant under the age of seven years is by law conclusively presumed to be incapable of distinguishing between right and wrong—incapable of entertaining criminal intent. At such tender age, the infant is conclusively presumed not to have sufficient mental perception to distinguish between the evil and the good. An infant between the ages of seven and fourteen is *prima-facie* presumed to be incapable of entertaining criminal intent; but this *prima-facie* incapacity to commit crime may be overcome by proof that the infant is in fact mentally capable of distinguishing between right and wrong.

"The burden of showing this rests upon the state, and, if it is not shown, no crime is shown, and an acquittal must result. *Beason* v. *State,* 50 So. 488; *Joslin* v. *State,* 75 Miss. 838, 23 So. 515. The court below should have granted a new trial on the ground the evidence failed to show that appellant was capable of committing crime."

An examination of Shepherd's Southern Reporter Citations through October, 1923, shows that the foregoing cases have never been modified or overruled.

It may be that when the state showed that the appellant fled after striking the fatal blow, this is sufficient to show his mental capacity to commit crime; that he realized the wrong that he had done; but this fact in connection with the authorities hereinbefore cited is respectfully submitted to the court.

COOK, J., delivered the opinion of the court.

The appellant, William Holmes, was indicted and tried in the circuit court of Holmes county on a charge of murder, and was convicted of manslaughter and sentenced to

the state penitentiary for a term of two years, and from this conviction and sentence, he prosecuted this appeal.

The testimony for the state consisted solely of proof of the fact that appellant struck a schoolmate, Elbert Garland, with a stick, inflicting a wound on the head from which Garland afterwards died, and that immediately after striking the blow appellant ran towards his home. The evidence is undisputed that, at the time of the alleged crime, the appellant was over seven and under fourteen years of age, and there was no evidence whatever that he had sufficient mental capacity to entertain a criminal intent; the only testimony on the point being that of his teacher to the effect that, in mental development, he was below the average of boys of the same age. At the close of the testimony the defendant requested, and was refused, an instruction charging the jury to find him not guilty and the refusal of this instruction is assigned as error.

Under the age of seven years, an infant is conclusively presumed to be incapable of entertaining a criminal intent. An infant between the ages of seven and fourteen is *prima-facie* presumed to be incapable of entertaining a criminal intent, but this *prima-facie* presumption may be overcome by proof that such infant has developed sufficient intelligence and moral perception to distinguish between right and wrong and to comprehend the consequences of its act. A criminal intent is an essential element of every crime, and when it was established by the proof that the appellant was under the age of fourteen years, the burden then rested upon the state to overthrow this presumption of mental incapacity. *Joslin* v. *State,* 75 Miss. 838, 23 So. 515; *Beason* v. *State,* 96 Miss. 105, 50 So. 488; *Miles* v. *State,* 99 Miss. 165, 54 So. 946.

Since there were no facts in evidence by which this *prima-facie* presumption of mental incapacity could have been overthrown, the peremptory instruction should have been granted.

*Reversed and remanded.*