UPTON *v.* STATE.*

(In Banc, May 10, 1926.)

[108 So. 287. No. 25243.]

1. CRIMINAL LAW. *Homicide. Instruction that, if jury found defendant deliberately murdered deceased as charged in indictment, they should find him guilty as charged, held erroneous as failing to define elements of crime of murder, and not cured by reference to charge in indictment where elements of crime were set out.*

   Instruction for state, in murder prosecution, relative to different verdicts which jury might find, stating that, if jury found defendant deliberately murdered deceased as charged in indictment, they should find him guilty as charged, *held* erroneous as failing to define elements of crime of murder, and not cured of its error by reference to charge in indictment where elements of crime were set out, since instructions taken together must be complete without reference to pleadings.

2. CRIMINAL LAW. *Erroneous instruction for state, in murder prosecution, because of failure to define elements of crime, held cured by instructions for defendant properly defining crime, and not in conflict with instruction for state.*

(1)

Erroneous instruction for state, in murder prosecution, because of failure to sufficiently define elements of crime of murder, *held* cured by instructions given for defendant properly defining elements of crime, and which were not in conflict with instruction given for state.

*Corpus Juris-Cyc References:　Criminal Law 16CJ, p. 968, n. 99, 2; p. 1055, n. 4.　Homicide 30CJ, p. 339, n. 99.

APPEAL from circuit court of Tunica county.

HON. W. A. ALCORN, JR., Judge.

Willie Upton was convicted of murder, and he appeals. Affirmed.

*Henderson & Garner, Dulaney & Jaquess* and *J. D. Magruder,* for appellant.

The court erred in giving the first instruction for the state.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

One error assigned is the giving of instruction No. 1 for the state, this being the only instruction requested. This instruction does not attempt to define the crime of murder for the jury, nor does it attempt to set forth the elements constituting the crime of murder. This failure to define murder is the only objection we have been able to find to the instruction as it is written. The instruction, however, does contain this phrase: "That Willie Upton deliberately murdered the deceased George F. Andrews *as charged in the indictment.*" The indictment was properly drawn and contained the allegation: "Did wilfully, unlawfully, feloniously and of his malice aforethought kill and murder," etc., and by considering the indictment in connection with the instruction, it could possibly be said that the jury was sufficiently instructed as to the elements of the crime of murder.

The defendant, however, did request and had granted by the court numerous instructions which were carefully and skillfully drawn, and these instructions discuss the elements of murder from every conceivable angle and were so drawn as to present to the jury the appellant's case in its most favorable light. These instructions cured whatever error might have been committed by the giving of the instruction for the state. We refer especially to instructions Nos. 2 and 17 given for the appellant.

It is well settled that instructions given for the state and those given for the defense must be considered together and as a whole, and that the case will not be reversed for or on account of an erroneous or faulty instruction if this instruction is cured by other instructions given by the court, and if the instructions taken as a whole fairly present to the jury the law governing the facts in the case. See *Reynolds* v. *State,* 101 So. 485; *Atkinson* v. *State,* 101 So. 490; *Woolard* v. *State,* 102 So. 781; *McGehee* v. *State,* 104 So. 150; *Wiley* v. *State,* 129 Miss. 196, 91. So. 906; *Smith* v. *State,* 103 Miss. 356; 60 So. 330; *Long* v. *State,* 103 Miss. 698, 60 So. 730.; and *Benson* v. *State,* 102 Miss. 16, 58 So. 853.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Tunica county of the crime of the murder of George F. Andrews, and sentenced to be hanged. From that judgment he prosecutes this appeal. No good purpose will be answered in setting out in this opinion the evidence of appellant's guilt.

The only assignment of error worthy of discussion is the giving of the only instruction given for the state, which follows:

"The court instructs the jury for the state that, if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant, Willie Upton, deliberately murdered the deceased, George F. Andrews, as

charged in the indictment herein, then the jury should find the defendant guilty as charged, and should return their verdict into open court in one of the following forms:

"First. 'We, the jury, find the defendant guilty as charged.' If this is the verdict of the jury, the court will sentence the defendant to be hanged.

"Second. 'We, the jury, find the defendant guilty as charged, and fix his punishment at life imprisonment in the penitentiary.' If this is the verdict of the jury, the court will sentence the defendant to imprisonment in the state penitentiary for the term of his natural life.

"Third. If the jury believe from the evidence in this case beyond a reasonable doubt that the defendant is guilty as charged in the indictment, but are unable to agree as to his punishment, the jury should not for this reason hang the jury, but should return their verdict into open court in the following form: 'We, the jury, find the defendant guilty as charged, but disagree as to his punishment.' If this is the verdict of the jury, the court will sentence the defendant to imprisonment in the state penitentiary for the term of his natural life."

Appellant's criticism of the instruction is that it fails to sufficiently define the elements of the crime of murder. The criticism is well founded. The Attorney-General argues that the clause in the instruction "as charged in the indictment" was sufficient to incorporate into the instruction the definition of the crime of murder as set out in the indictment; in other words, his contention is that the instruction was pieced out and cured of its error by reference to the charge in the indictment where the elements of the crime were set out. This court has held more than once that errors in instructions cannot be cured in that manner; that all the instructions taken together must be complete without reference to the pleadings in the case.

This erroneous instruction for the state, however, was cured by the instructions for appellant. The court gave

17 instructions for appellant. Especially in two of those instructions the elements of the crime of murder were properly defined. And the instructions given appellant were not in conflict with the erroneous instruction given the state. The error in the instruction for the state is not that it improperly defined the elements of the crime of murder, but that it failed to define them at all. As stated, they were properly defined in the instructions given appellant. Therefore the instruction given the state and those given appellant defining the elements of the crime of murder, not being in conflict, fit into each other, and could not have misled the jury. All the instructions construed together put to the jury every phase of the law applicable to the case.

We find no error whatever upon which to reverse the judgment.

Affirmed and execution set for June 18, 1926.

*Affirmed.*