NORRIS v. STATE.*

(Division B.   June 15, 1926.)

[108 So. 809.   No. 25661.]

1. CRIMINAL LAW.
   Venue of crime may be proven by direct, positive testimony or by circumstantial evidence.

2. CRIMINAL LAW. *Instruction failing to inform jury guilt must be proven beyond reasonable doubt was cured by other instructions to such effect.*
   Instruction, erroneous as failing to inform jury that guilt must be proven beyond reasonable doubt, was cured by other instructions telling jury that conviction could not be had unless guilt was shown beyond reasonable doubt.

3. Criminal Law.

All instructions in case must be read together, and, when so read, if they announce correct principles of law, errors in particular instructions are harmless.

4. Criminal Law. *Instruction in liquor prosecution that law took judicial notice that whiskey was intoxicating held not to constitute substantial error.*

Instruction in liquor prosecution that the law took judicial notice that whiskey was intoxicating *held* not to constitute substantial error, since whiskey is denominated by law as intoxicating, and proof that liquid is whiskey is proof that it is intoxicating.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 769, n. 91; p. 989, n. 85; p. 1006, n. 67 New; p. 1049, n. 82; p. 1050, n. 84; p. 1053, n. 93.

Appeal from circuit court of Clarke county.

Hon. R. M. Bordeaux, Judge.

Elim Norris was convicted of the unlawful sale of intoxicating liquor, and he appeals. Affirmed.

*C. B. Cameron,* for appellant.

I. The appellant complains of the second instruction which was that, "The court instructs the jury for the state that the law takes judicial notice that whiskey is intoxicating and instructs you that whiskey is intoxicating; and if you believe from the evidence in the case that the defendant sold whiskey as testified about, it will be your duty to convict him."

*Courts* take judicial notice of certain matters and things, but not the *law.* This instruction was misleading and tended to confuse the issue and the mind of the jury. Undue prominence was thereby given the contention of the state by an erroneous statement of the law. This instruction also authorized the conviction of the appellant without proof of his guilt *beyond every reasonable doubt.* This omission was fatal error and, I submit, it was not cured by the first instruction.

The instructions gave the jury no standard; no true guide; were conflicting; and constituted error. One telling that proof beyond reasonable doubt of sale authorized a conviction; the other advising that *mere belief* of sale as testified about gave rise to duty to convict.

II. The state wholly failed to prove venue. There was no testimony as to the venue. The state attempted to show that the appellant's home was in Clarke county, Mississippi, and did so show; but the record shows that the state's witnesses testified that the alleged sale took place a quarter or more down a road and away from the home of the appellant. The court cannot say from this record that the alleged sale occurred in Clarke county, Mississippi. As to the place of alleged sale, whether in Clarke or some other adjoining county, or in Alabama, the record is silent. The court cannot and will not presume venue. It is jurisdictional and must be established.

The alleged sale according to witness for the state did not occur at the home of the appellant in Clarke county, Mississippi, but at some other place on a road, the location of point of road or community being wholly unknown and unshown by the record.

*H. F. Case,* also, for appellant.

The record discloses that neither of the two witnesses for the state who testified to the alleged sale were asked the question, nor testified to the fact, as to the place of the offense with reference to the county and state. As to the proof of venue, the state wholly relies upon circumstantial evidence and offered to prove venue only by indirect evidence.

From the state's testimony it will be noted that both of the two witnesses, Burt and Gilmore, who testified to the sale of the liquor state that the sale did not take place at the home of Elim Norris, but that it occurred *back*

*down the road.* With this proof and the testimony of the witness Kitchens that the home of Elim Norris is in Clarke county, Mississippi, and one mile from the state line, the matter rests. I submit that the proof as shown by this record does not meet the requirements of the law when venue is proved by indirect and circumstantial evidence. The rule was stated by Judge ETHRIDGE in *Dorsey* v. *State,* 106 So. 827.

The proof in the instant case does not show that any and every point on the roads from the home of Elim Norris is in Clarke county, Mississippi, if no further than a quarter of a mile from his home. It is true that the proof shows that his home is about a mile from the state line. But there is no proof direct or circumstantial that shows the "road back down there a quarter" is in Clarke county, Mississippi. It could not be said that it is unreasonable that Elim Norris lives less than a hundred yards from the Wayne county, Mississippi, line on the south and within a mile of the Mississippi-Alabama line on the east. I submit that the court cannot read the record in this case and find that the state has proved the venue with the requisite certainty.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

Counsel for appellant in criticizing instruction No. 2 uses the following language: "The court will notice that the instruction tells the jury that the *law* takes judicial notice that whiskey is intoxicating, etc. . . . Courts take judicial notice of certain matters and things, but not the law."

I am sure that the failure of the district attorney to state the law just as counsel for defendant would have it stated could not mislead the jury. The instruction was intended to, and did inform the jury that it was not necessary for the state to prove that whiskey was intoxicating, and whether this is a matter of law or a matter

of judicial knowledge with the court made no difference to the jury in its deliberation.

This instruction is also criticized because the phrase "beyond a reasonable doubt" is omitted after the phrase "believe from the evidence in the case." This error, if any, cannot work a reversal of this cause for two reasons: (1) There is no controversy or dispute as to whether or not it was whiskey; and (2) the error, if any, was cured by other instructions in the case.

Instructions must be read as a whole, and errors in one instruction may be cured by other instructions either for the state or the defendant. *Skeen* v. *State,* 16 So. 495; *Riley* v. *State,* 18 So. 117; *Barr* v. *State,* 21 So. 131; *Cook* v. *State,* 28 So. 833; *McGuire* v. *State,* 37 Miss. 369.

The undisputed proof shows that the trial of this cause was had at Quitman in Clarke county, Mississippi. The crime was committed about a quarter of a mile from the Norris home towards Quitman; that the Norris home was a good mile from the county line in Clarke county, Mississippi.

Counsel for appellant argues that the road to Quitman from the Norris place might not be straight; that it might have left the place in some other direction and run into some other county or state. However, the proof shows conclusively that the Norris place is in Clarke county and a mile from the county line; that the sale took place a quarter of a mile from the Norris place, and, therefore, it necessarily must have been in Clarke county.

I submit that there are no errors in the record and that the cause should be affirmed.

Argued orally by *Charles B. Cameron,* for appellant, and *J. A. Lauderdale,* for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Clarke county of the unlawful sale of intoxi-

cating liquors and fined five hundred dollars and sentenced to six months' imprisonment. From that judgment he prosecutes this appeal.

Two questions are argued on behalf of appellant: Whether the venue of the crime was sufficiently proven; and the giving of an instruction for the state which told the jury that the law took judicial notice that whiskey was intoxicating and omitted the requirement of the law that the evidence was required to show guilt beyond reasonable doubt. We will consider the questions in the order stated.

Without setting out the evidence with reference to the venue of the crime, we deem it sufficient to say that the only fair inference that could have been drawn therefrom was that the crime was committed in Clarke county. It is true that no witness testified in so many words that the crime was committed in Clarke county, but that was not necessary. Venue may be proven as any other material fact in a cause. It may be proven by direct, positive testimony; or it may be proven by circumstantial evidence. We think the circumstantial evidence in this case excludes every reasonable hypothesis that the crime of which appellant was convicted was committed elsewhere than in Clarke county.

The instruction was erroneous, in that it failed to inform the jury that appellant's guilt had to be proven beyond reasonable doubt. However, that error was fully cured by two instructions for appellant in which the jury were told that they could not convict appellant unless his guilt was shown by the evidence beyond a reasonable doubt. This court has often held that all of the instructions in a case should be read together, and when they can be made to so fit into each other as to announce correct principles of law, then errors in particular instructions are harmless. When so construed, if the jury is given the true guide for reaching a proper verdict, errors in individual instructions can do no harm.

March, 1926] Miss. Power & Light Co. *v.* Maulding. 371

143 Miss.]                    Syllabus.

Criticism of the instruction because it told the jury that the law took judicial notice that whiskey was intoxicating is a little out of the ordinary, it is true, but in a way it embodied the correct principle of law. By that instruction the court meant to tell the jury, and the jury must have so understood, that the state did not have to prove that whiskey was intoxicating. That is the law. The statute prohibits the sale of whiskey. Whiskey is denominated by the law as intoxicating; proof that a liquid is whiskey is proof that it is intoxicating. The fact that whiskey is intoxicating perhaps could be said to be a conclusive presumption of law. There was really no substantial error in that respect.

*Affirmed.*