# WILLIAMS *v.* STATE.

(In Banc.   June 8, 1931.)

[135 So. 210.   No. 29368.]

Lamar Watson, of Greenville, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Washington county of the crime of burglary, and sentenced to the penitentiary for a term of two years. From that judgment he prosecutes this appeal.

Appellant, at the time of the commission of the crime, was between thirteen and fourteen years of age. The court instructed the jury for the state that, if they believed from the evidence, beyond a reasonable doubt, that the appellant was guilty as charged in the indictment, they should so find in their verdict. Neither in that instruction, nor in any other given for the state, were the jury informed that, in order to justify a conviction they must believe, from the evidence, beyond a reasonable doubt, that appellant had sufficient intelligence and moral perception to enable him to distinguish between right and wrong, and to comprehend the consequences of his act; but such an instruction was asked for appellant, and given. Although the appellant got such an instruction, and used it in the trial, he contends that it was reversible error for the court to grant an instruction for the state which failed to embody that principle; and to sustain that position relies on Joslin v. State, 75 Miss. 838, 23 So. 515. That case does sustain appellant's contention. It was held therein that it was error for the court to give instructions for the state which omit all reference to the burden resting upon the state to show that the accused was capable of distinguishing between right and wrong; and that such error was not cured by other instructions for both the state and the accused, embodying that principle. In that case, the state's

instruction complained of did not embody the concrete facts relied on for the conviction of the defendant, but only stated the governing principles of law in the abstract.

In perhaps as many as fifty cases, both civil and criminal, decided since that case, this court has held that all the instructions given in a case are to be considered as one instruction—they are to be read into each other; that omissions in an instruction on one side may be supplied by an instruction on the other side; and if, when so construed, they embody the governing principles of law, there is no error; that, in order to constitute reversible eror, the instructions must be so conflicting as to be irreconcilable, and, for that reason insufficient to furnish a correct guide for the jury. Among the late criminal cases so deciding are the following: Walton v. State, 149 Miss. 406, 115 So. 215; Smith v. State, 107 Miss. 574, 65 So. 498; Pickett v. State, 140 Miss. 671, 106 So. 95; Cummins v. State, 144 Miss. 634, 110 So. 206; Neilsen v. State, 149 Miss. 223, 115 So. 429; Benson v. State, 102 Miss. 16, 58 So. 833; Long v. State, 103 Miss. 698, 60 So. 730; Smith v. State, 103 Miss. 356, 60 So. 330; Norris v. State, 143 Miss. 365, 108 So. 809; Pittman v. State, 147 Miss. 593, 113 So. 348; Upton v. State, 143 Miss. 1, 108 So. 287; Woulard v. State, 137 Miss. 808, 102 So. 781; Ivey v. State, 154 Miss. 60, 119 So. 507.

It is true that in no case since the decision in the Joslin case has that case been expressly overruled; but in the case above set out, as well as in numerous others, it has been overruled by implication; for those cases are squarely in conflict with the principles laid down in the Joslin case.

We are of opinion that the decision in the Joslin case is unsound and mischievous in its results, while the later cases lay down the true principle. The Joslin case is therefore overruled.

We do not think the other questions in the case are of sufficient seriousness to call for a discussion by the court. Affirmed.