VIRGINIA COUNTRYMAN, et al. *v.* STATE.

In Banc. Oct. 11, 1948.

(37 So. (2d) 21)

118

Dyer & Campbell, for appellants.

**R. O. Arrington**, Assistant Attorney General, for appellee.

## Montgomery, J.

Appellants were convicted in the court below on a charge of grand larceny and were sentenced to serve a term of five years in the State Penitentiary. From this they appeal to this Court.

Amongst the errors complained of is the giving of the only instruction to the jury, which was given at the instance of the State and is in the following form: "The court instructs the jury for the State that if you believe from the evidence beyond every reasonable doubt that the defendants are guilty as charged in the indictment, you should so find by your verdict, and in that event the form of your verdict should be: 'We the jury find the defendants guilty as charged in the indictment.'" The defendants requested no instruction. It is argued that the instruction is erroneous, because (1) it did not define within itself the elements and nature of the crime charged but only referred the jury to the indictment; and (2) the jury might understand from the instruction that they could not convict one defendant without convicting the other.

Our attention has been called to Ellis v. State, Miss., 33 So. (2d) 838, 839; Upton v. State, 143 Miss. 1, 108 So. 287; Thompson v. State, 158 Miss. 121, 130 So. 112, but after a careful examination of the evidence, we are so overwhelmingly convinced of the guilt of the defendants that we are of the opinion that from this whole record the guilt of each of the defendants affirmatively appears and that the judgment of the court below was not a miscarriage of justice.

As to all of the errors complained of, we are convinced that, if errors they were, they were harmless in the face of the testimony in this record, and that this case must be affirmed under the provisions of Rule 11, of the rules of this Court: which reads as follows:

"No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

In Wilson v. State of Mississippi, Miss., 37 So. (2d) 19, an instruction similar to the one herein complained of is held to be reversible error under the indictment in that case, but in that case the judgment is being reversed also for errors other than the instruction, which errors may have a definite bearing on another conviction. Here those questions are not presented, and it is our judgment that no honest jury could do otherwise than return a verdict of guilty against each of these appellants upon the testimony in this record.

Affirmed.