WALTON v. STATE.*

(In Banc.  Jan. 16, 1928.  Suggestion of Error Overruled Feb. 6, 1928.)

[115 So. 215.  No. 26790.]

1. CRIMINAL LAW. *All instructions given for state and accused must be taken together as one instruction.*

    All instructions given for state and accused are to be taken together as one instruction, and if, so considered, they embody correct governing principles of law there is no error although certain instructions are erroneous.

2. CRIMINAL LAW. *Instructions relating to deceased's right to arrest defendant, charged with murder, while attempting robbery, not telling jury hypothetical facts in instructions must be established beyond reasonable doubt, held harmless error in view of other instructions.*

    In murder prosecution, instructions regarding right of deceased to arrest defendant while he and another were attempting to carry out agreement to rob deceased's store, which stated hypothesis which, if believed by jury, authorized them to draw certain conclusion, without telling jury that hypothetical facts embodied in instructions must be established beyond reasonable doubt, while erroneous, were harmless, where other instructions told jury they must acquit defendant unless guilt was shown to moral certainty and beyond reasonable doubt, and where all instructions for state and defendant, read together, put before jury correct governing principles of law.

3. CRIMINAL LAW.  *Refusing correct instructions which were sub-stantial duplicates of instructions granted defendant held harm-less error.*

Refusing instructions embodying correct principles ·of law in murder prosecution *held* harmless error, where such instruc-tions were substantial duplicates of other instructions granted defendant.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1050, n. 84; Homicide, 30CJ, p. 336, n. 70; On refusal to give requested instruction where sufficiently covered by instructions already given not reversible error, see 2 L. R. A. (N. S.) 309; 14 R. C. L. 752; 3 R. C. L. Supp. 275; 4 R. C. L. Supp. 916; 5 R. C. L. Supp. 776; 6 R. C. L. Supp. 829.

Appeal from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Marion Walton was convicted of homicide, and he ap-appeals. Affirmed.

See, also, 112 So. 790.

*Aubert C. Dunn* and *Chas. B. Cameron,* for appellant.

The court instructed the jury for the state; ''that if the defendant and Eugene Huggins agreed between them-selves to rob the store of McCarty and if the defendant and Huggins attempted to carry out such agreement, while the defendant was present for the purpose of aid-ing him, if any such there was, then the deceased had a right to arrest both or either of them without a warrant and in effecting such arrest, if any there was, he had a right to use every reasonable means that any reasonable person situated as he was would have used under like circumstances.'' At the threshold of this instruction we find patent error, for the reason that this instruction did not confine the jury to the evidence, in its delibera-tions, but simply undertook to announce an abstract proposition of law. In addition to this, the instruction did not even require the jury to believe these facts, or the existence of these facts from the evidence beyond a rea-

sonable doubt. It is elementary that the facts constituting crime must be believed by the jury from the evidence beyond a reasonable doubt. The most serious aspect of this instruction, however, and a more glaring error according to my construction of the same is, the assumption on part of the court in the instruction of the existence of an agreement between Eugene Huggins and this appellant to rob the store of Mr. McCarty; and the further assumption of an agreement between Huggins and the appellant to carry out the agreement while the appellant was present for the purpose of aiding him. There is no testimony in the record authorizing the granting of this instruction, in which the question of conspiracy was thereby submitted to the jury.

The second instruction is also a statement of an abstract proposition, and did not confine the jury to believing the existence of those facts from the evidence, nor did it confine the jury to believe such facts from the evidence, beyond a reasonable doubt. In addition to this criticism, this instruction also charged the jury that if Eugene Huggins stole as much as twenty-five dollars from the cash drawer of the deceased that a felony was committed. This phase of the instruction was certain error, for the reason that this appellant in the absence of any proof of conspiracy was not held accountable for any of the criminal acts of the man Huggins.

The learned attorney-general says that while these instructions for the state may have been error, that they have been cured by instructions granted for the appellant. We are wholly unable to see where these errors were cured by any instructions granted the appellant, but respectfully call the court's attention to the fact that no instruction of the defendant's undertakes to cure, nor in fact does it cure the action of the court in granting the two above-mentioned instructions for the state.

The instruction defining self-defense should have been granted, and the refusal of same was error.

*J. A. Lauderdale,* Assistant-Attorney General for the state.

Instructions numbered one and two, granted at the request of the state, instructed the jury with reference to the law as to the right of McCarty to arrest the appellant. These instructions are correct propositions of law and were supported by the testimony in this case. The facts and circumstances occurring at the time of the murder were certainly sufficient to cause Mr. McCarty to reasonably believe that a felony was being committed, and that both Huggins and Walton were implicated therein. Even though these instructions are erroneous, appellant cannot complain because he requested and was granted instructions announcing the same propositions of law.

These instructions for the state and for the defendant were far more favorable to the defendant than the law, for, even though it be conceded that McCarty arrested Walton without any excuse or justification or without any legal right to do so, this of itself would not have justified Walton in killing McCarty. In other words, a person does not have the right to resist an illegal arrest to the extent of taking the like of the arresting party. *Wilkinson* v. *The State,* 143 Miss. 324.

There is no testimony in this record supporting the theory that Walton killed McCarty in self-defense. The court had already granted several instructions on self-defense, and even thought the testimony did support the theory of self-defense, it would not have been error for the court to have refused this instruction after granting several on the same theory.

Argued orally by *Chas. B. Cameron,* for appellant, and *J. A. Lauderdale,* for the state.

ANDERSON, J. Four instructions were given for the state. The giving of the first and second instructions for the state was error. They follow in the order given:

"That if the defendant and Eugene Huggins agreed between themselves to rob the store of McCarty, and if the defendant and Huggins attempted to carry out such an agreement, while the defendant was present for the purpose of aiding him, if any such there was, then the deceased had a right to arrest both or either of them without a warrant, and in effecting such arrest, if any there was, he had a right to use every reasonable means that any reasonable person situated as he was would have used under like circumstances.

"That if Eugene Huggins stole as much as twenty-five dollars from the cash drawer of the deceased, this was a felony, and the deceased had a legal right to arrest any one that he had reasonable grounds to suspect or believe to be connected with him as an accomplice, and in effecting such arrest, if any such arrest was made, he had a right to use such means as may have appeared necessary to any reasonable person situated like the deceased was at the time."

The fault with each of these instructions is that it states an hypothesis which, if believed by the jury, authorized them to draw a certain conclusion, without telling the jury that the hypothetical facts embodied in the instruction must be established by evidence to a moral certainty and beyond reasonable doubt. But, in another instruction given for the state, the jury were told that it was necessary for the guilt of the appellant to be shown by the evidence beyond reasonable doubt.

Sixteen instructions were given for the appellant, in several of which the jury were told that they must acquit appellant unless his guilt was shown by the evidence to a moral certainty and beyond all reasonable doubt. One of the instructions given for appellant was what is known in our jurisprudence as the "two-theory instruction," in which the court told the jury that if there were two reasonable theories arising out of the evidence, one favorable to the state, and the other favorable to the appellant, and the jury entertained a reasonable doubt as

to which was the correct theory, under the law, it was their duty to accept the theory favorable to appellant, although the one favorable to the state was more reasonable and supported by stronger evidence.

This court has often held that all the instructions given for the state and appellant are to be taken together as one instruction. So considered, if they embody the correct governing principles of law, there is no error, although it be true that certain of the instructions, taken alone, are erroneous.

We are of opinion that the instructions for the state and appellant in this case, read together, put before the jury the correct governing principles of law. Therefore, the two erroneous instructions given for the state were harmless.

The action of the court in refusing certain instructions requested by appellant is assigned and argued as error. Some of these instructions embody correct applicable principles of law. Others are erroneous. Refusing those embodying correct principles of law was without harm to appellant, because such instructions were substantial duplicates of other instructions granted the appellant. Every phase of the case, especially every conceivable view favorable to appellant, was embraced in the instructions given to the appellant.

We think the evidence was ample to go to the jury on the question of conspiracy between appellant and Eugene Huggins.

We see no harmful error affecting appellant in the ruling of the trial court in the admission or rejection of testimony.

As we view the record in this case, appellant had a fair and impartial trial, and must suffer the penalty fixed by law for the crime of which he was indicted and convicted.

The judgment of the lower court will therefore be affirmed, and Friday, the 24th day of February, 1928, is set for appellant's execution.

*Affirmed.*