# Keys *v.* State.

(Division A.   Dec. 2, 1929.)

[124 So. 789.   No. 28113.]

Morris & Wingo, of Hattiesburg, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an affidavit charging appellant with unlawful possession of intoxicating liquor, filed in the county court of

Forrest county, Joe Keys was tried, convicted, and sentenced in said court. He appealed to the circuit court, where the case was affirmed, and he prosecutes an appeal here.

We are of opinion that the evidence offered by the state was ample to sustain the conviction.

The instructions given for the state are as follows:

1. "The court instructs the jury for the state that if you believe from all the evidence in this case that the defendant unlawfully had intoxicating liquor in his possession, or under his control as charged in the affidavit, then it is your sworn duty to find the defendant guilty as charged in the affidavit."

2. "The court instructs the jury for the state that you do not have to know the defendant is guilty as charged before you are warranted in returning a verdict of guilty; all that is required is that if you believe from all the evidence in the case that the defendant is guilty as charged, then it is your sworn duty to find defendant guilty as charged."

These were the only instructions submitted to the jury for the state.

On behalf of defendant the following instruction is the only one given:

"The court instructs the jury for the defendant that the testimony in this case is circumstantial and that any and all such evidence should be weighed and considered by the jury carefully and cautiously."

First, it is assigned here that both instructions for the state are erroneous, for the reason that the jury are not told that they must believe that the defendant is guilty beyond a reasonable doubt. It will be observed that the case went to the jury without any instruction upon the theory of reasonable doubt, and that the defendant did not ask any instruction on that theory.; and therefore, taking all the instructions together, this essential element is omitted from all the instructions,

The instructions, taken as a whole, are fatal to the conviction in this case, especially the second instruction for the state, excluding the idea that the jury must believe beyond a reasonable doubt that the defendant is guilty. It puts the conviction too much upon a mere belief in his guilt. See Godwin v. State, 73 Miss. 873, 19 So. 712, and authorities there cited.

The facts in this case do not authorize us to say that the refusal of these instructions constitutes harmless error.

It is further assigned as error that the court, over the objection of the appellant, permitted the officers to testify as to the facts of the crime discovered by them on a search warrant issued by a justice of the peace, directed "to any lawful officer of Forrest county, Mississippi." And, also, that the officers who made the search were policemen of the city of Hattiesburg, and therefore not lawful officers of said county; the evidence adduced being that which the officers discovered on the search made by virtue of the search warrant.

Section 2238 of Hemingway's Code of 1927, chapter 244 of the Laws of 1924, makes it the duty of any justice of the peace of the county, or circuit judge or chancellor of the district to issue the search warrant directed to the sheriff or any constable or marshal or policeman, if in a municipality, commanding him to search the place described.

Section 2241, Hemingway's Code 1927, chapter 244 of the Laws of 1924, sets forth a form of such warrant to be issued, part of which is in this language, "to any lawful officer of [said] county."

The search warrant in this case was in the form prescribed by the statute, and we think that any of the officers named in section 2238, supra, were authorized to serve the warrant within the territory in which they were authorized, as officers, to act. This search warrant was served by policemen of the city of Hattiesburg, with-

in the city. The policemen did not undertake to serve it in territory outside of the corporate limits of the city of Hattiesburg. Hence, we think no error may be predicated thereon.

Section 3148, Hemingway's Code 1927, section 3937 Code of 1906, is as follows: "Any process appearing to be in other respects duly served, shall be good, though not directed to any officer."

The search warrant in this case was served by these policemen within the city of Hattiesburg, of which, according to the record, they were police officers. So far as this objection is concerned, the evidence secured by the policemen, under the circumstances which we have detailed, was competent.

Third, it is insisted that there was no jurisdiction in the county court to try this appellant. This assignment of error is based on the fact that the chief of police first made and filed an affidavit for a search warrant with a justice of the peace of beat 1 of said county, and thereafter filed an affidavit, charging the crime of unlawful possession of intoxicating liquor by Joe Keys, the appellant, and charging him with the sale thereof, before the clerk of the county court; and upon this affidavit the appellant was tried over his objection. It is insisted that the affidavit for the search warrant lodged the jurisdiction to try the crime in the justice of the peace court, the crime having been committed in beat 1, at a place which was in the city of Hattiesburg.

The affidavit for the search warrant was not an affidavit charging a crime. It may well have been that the search warrant would have been fruitless in obtaining any evidence of crime. In that case, it could not be seriously contended that the appellant, because of an affidavit for a search warrant, stood charged with a crime. He was not charged with a crime until the affidavit was filed in the county court, and the filing of the affidavit was the beginning of the criminal action, and no criminal

action was instituted until the filing thereof in the county court. No affidavit charging Joe Keys with crime was filed with the justice of the peace. The cases cited by counsel are not in point here.

The instructions given for the state were erroneous, as we have set out above, and constitute reversible error in this case, but we find no other error in the record.

Reversed and remanded.