## MILLWOOD *v.* STATE.

(In Banc.   Oct. 8, 1945.)

[23 So. (2d) 496.   No. 35943.]

N. W. Sumrall and R. Leon Bass, both of Belzoni, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant was indicted in the Circuit Court of Humphreys County at the February Term, 1945, for permitting and suffering games of chance to be played for money on

his premises in violation of Section 2195 of the Code of 1942. He was convicted, fined and appealed to this Court.

Several matters are discussed in the record, but we think a decision of the case hinges on the validity of the search warrant issued to the coroner of Humphreys County. Under the authority of this search warrant the coroner, to whom it was addressed along with any lawful officer of Humphreys County, searched the premises of appellant for intoxicating liquors, which were found on the premises and destroyed by the coroner, who arrested the appellant and released him on his own recognizance. While searching for the intoxicating liquor the coroner discovered several parties gambling in a back room of the premises of appellant, which had a store and filling station in front. On the trial the coroner was offered by the state as a witness against appellant on the charge of permitting gambling unlawfully in his place of business. Timely objection was made to this evidence based on the alleged illegality of the search, and overruled by the court.

This brings us to consideration of the question, whether or not a search warrant may be lawfully issued a coroner as such, who has no inherent power to perform the duties of the peace officers listed in the statute. He is only eligible to act in certain statutory contingencies to perform certain duties of a sheriff. But here he was acting as coroner exclusively.

We will not discuss the authorities and statutes dealing with civil process and writs, since in our judgment this matter is determinable under Section 2614 of the Code of 1942, which provides among other things that under the affidavit of any credible person that he has reason to believe and does believe that intoxicating liquor is possessed by another at a designated place contrary to the laws of the state "it shall be the duty of any justice of the peace of the county or county judge, or the judge of the circuit court of the district or the chancellor of

the district in which the place is situated, to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff or any constable or marshal or policeman therein, commanding him to proceed . . . to seize said intoxicating liquor . . . and to arrest the person, or persons in possession and control of the same."

The affidavit in this case was made by the coroner, signing the same as coroner, and the search warrant in the pertinent part reads this way:

"To the coroner or any lawful officer of Humphreys County:

"Whereas, Linton G. North, Coroner, has this day made complaint on oath before the undersigned officer in and for said county that he has reason to believe," etc.; and concludes, in part, "Wherefore, we command you that with such aid as in your judgment shall be needed you do proceed in the day or nighttime," etc.

The coroner was therein further directed to seize the intoxicating liquor, arrest the party in possession of it, and bring him before the justice of the peace who issued the search warrant. The return on the search warrant was as follows:

"I have this day executed the within writ by delivering a true copy of the same personally to the said Jesse Millwood, I searched the premises according to the command of the said writ, finding one quart of gin and five and one-half gallons of 12% wine. I destroyed the gin and wine and arrested the said Jesse Millwood, releasing him on his own recognizance. This the 1st day of September, 1944.

"Linton G. North, Coroner."

On his examination as a witness Mr. North testified that he acted as coroner in these transactions under discussion. In the briefs on both sides it appears from the argument of the attorney for the appellant and of the Attorney General that there was a sheriff of Humphreys County in office at the time, but strange to relate, no inquiry

of witnesses was made with reference to this fact. However, it appears from the record and the briefs that the coroner acted herein not as substitute for the sheriff, not as acting sheriff, but purely and simply and wholly in his capacity of coroner; not intending the performance of the powers as those of the sheriff; or in lieu of him, but exercising rights of a coroner, independent of any relation to the sheriff.

Section 3906 of the Code of 1942 prescribes the occasions on which a coroner may "do and perform any and all of the duties which appertain to the office caused by vacancy or exception to the sheriff, any writ shall be delivered to the coroner to execute, and said coroner shall do and perform all things by virtue of such writ or warrant which ought to be done therewith and thereunder." This section must be read in connection with Section 2614 of the Code of 1942. The latter section directs that the search warrant shall be addressed to certain peace officers therein, and the coroner per se is not a peace officer but only performs the functions of a peace officer under certain circumstances not here present, and then only those of a displaced sheriff, for a temporary period, under the conditions set out in Section 3906, supra. However, that section provides that, in certain events not argued here in justification, the writ shall be delivered to the coroner to execute, while Section 2614 provides it shall be addressed to the listed peace officers. If this warrant in this case had been addressed to the sheriff, and the sheriff came within any of the disqualifications and exceptions listed in Section 3906, then the writ would properly be delivered to the coroner, but in dealing with it he would perform the functions of the sheriff and not of the coroner. Nowhere in the Code or in the Constitution of Mississippi, or the common law have we been able to find authority for the proposition that a coroner is inherently and independently clothed with powers of peace officers generally, or of a sheriff, specifically.

It does not aid the position of the state in this case that, in addition to being addressed to the coroner, the search warrant is also addressed to any lawful officer of the county, because it was served and the search was made thereunder by the coroner acting only as a coroner, to which officer it was primarily addressed. Furthermore, no presumption of regularity here in the issuance of this writ can be indulged because the fact appears that it was issued to the coroner and all acts thereunder were performed by the coroner as coroner only. Therefore we do not decide whether a presumption would or would not arise in criminal cases in favor of regularity of the service of the writ by the coroner if the writ had been issued to the sheriff, and then delivered to the coroner under Section 3906, supra, who would perform the functions and duties of a sheriff in dealing therewith. Such is not the situation in this case. If this warrant had been issued merely to any lawful officer of Humphreys County, it would have been a legal search warrant, Matthews v. State, 134 Miss. 807, 100 So. 18, but even then the coroner could not lawfully serve it here. The warrant in that case was so issued and delivered to and served by the sheriff, who had full authority to do so, but in the case at bar it was not only addressed to and delivered to the coroner, who had no authority under the powers of his office to serve it, but the justice of the peace had no authority to direct it to a coroner, requiring him to perform the peace officer functions of a sheriff simply because he was coroner. There must be much more, as the statutes set out.

In the case of Keys v. State, 155 Miss. 574, 124 So. 789, 790, the Court said:

"Section 2238 of Hemingway's Code of 1927, chapter 244 of the Laws of 1924 (now Section 2614, Code 1942), makes it the duty of the justice of the peace of the county, or circuit judge or chancellor of the district to issue the search warrant directed to the sheriff or any constable or

marshal or policeman, if in a municipality, commanding him to search the place described.

"Section 2241, Hemingway's Code 1927, chapter 244 of the Laws of 1924, sets forth a form of such warrant to be issued, part of which is in this language, 'to any lawful officer of (said) county.'

"The search warrant in this case was in the form prescribed by the statute, and we think that any of the officers named in section 2238, supra, were authorized to serve the warrant within the territory in which they were authorized, as officers, to act. This search warrant was served by policemen of the city of Hattiesburg, within the city. The policemen did not undertake to serve it in territory outside of the corporate limits of the city of Hattiesburg. Hence, we think no error may be predicated thereon."

In other words, as long as the officers listed are lawfully performing the proper functions of their particular office within their jurisdiction they are authorized so to do by law, but here we have a coroner acting as coroner, and in no other capacity and for no other reason except that he is coroner, which in our judgment is an usurpation of the duties and prerogatives of the sheriff—part of whose compensation depends upon costs in criminal cases, including violations of liquor and gambling laws.

Timely objections were made to the evidence, which objections were overruled, as was also a motion, after the conclusion of the evidence, that it be excluded from consideration of the jury, and the jury instructed peremptorily to find the defendant not guilty.

We think under the statutes applicable to the record in this case that the trial court committed reversible error in the rulings on the evidence and approving the legality of the search and that this search warrant was issued and directed in violation of the mandatory requirements of the statute; conferred no authority on the coroner; and that therefore his actions in connection with the search warrant were not sanctioned by law; and the evi-

dence he obtained under the authority of the search warrant was not admissible against appellant. Therefore the judgment of the lower court will be reversed and the cause remanded.

Reversed and remanded.