220 So.2d 334 (1969)
Gladden RUSSELL
v.
STATE of Mississippi.
No. 45290.
Supreme Court of Mississippi.
March 10, 1969.
*335 Murray L. Williams, Water Valley, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., and Laurence Y. Mellen, Special Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice.
Gladden Russell was charged by affidavit with violating the Mississippi game and fish laws by having in his possession 252 "undersize catfish." He was convicted of that offense in the Justice of the Peace Court for District Three of Yalobusha County. On appeal to the circuit court and trial de novo, he was again convicted and sentenced to pay a total fine of $2,650. He appeals from that conviction and sentence.
Mississippi Code 1942 Annotated section 5844 (Supp. 1966) grants to the Mississippi State Game and Fish Commission authority "to make such rules and regulations * * * as it may deem necessary to carry out the provisions and purposes of this act," and further provides that "any violation of * * * any rules or regulations promulgated by the commission shall constitute a misdemeanor and be punished as hereinafter provided."
The official rules of the Mississippi State Game and Fish Commission proscribe the possession of catfish of less than 12 inches in length.
Mississippi Code 1942 Annotated section 5866 (Supp. 1966) fixes the penalties which may be imposed upon any person who shall violate "any law or regulation for the protection of * * * fish * * * or who violates or fails to comply with any lawful order, rule or regulation adopted by the [Mississippi State Game and Fish] Commission is guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00); and in addition thereto, is liable in the discretion of the court as follows: To an additional penalty of ten dollars ($10.00) for each * * * fish, or part thereof, * * * taken, possessed, or transported in violation of such law or regulation * * *."
Appellant assigns and argues several grounds for reversal.
The first of these is that he was entitled to a directed verdict of not guilty.
The essential facts of the case are as follows: Between 7:00 and 7:30 o'clock on the evening of June 13, 1967, several wardens of the Mississippi State Game and Fish Commission were stationed at various points overlooking a portion of Enid Lake in Justice of the Peace District Three of Yalobusha County. It was not yet dark and the wardens kept appellant under observation as he moved about the lake in his outboard motor boat. They saw him stop and pull up from beneath the water a fish trap. Through the use of field glasses the wardens identified the trap as an illegal means of taking fish known as a "slat basket." Also, they were able to see that the fish taken were "small catfish." As they continued to watch, appellant moved about the lake and retrieved 4 more "slat basket" fish traps, in each case dumping the fish they contained into wash tubs in his boat. All of this occurred, according to the uncontradicted testimony of the wardens, in *336 Justice of the Peace District Three of Yalobusha County.
Having emptied the traps and loaded the fish taken from them into his boat, appellant moved to the Panola County side of the lake. The wardens kept him under observation and saw him take 2 tubs of fish from his boat and load them, together with his gasoline can and boat motor, into his pickup truck.
Other wardens stationed near the truck also observed appellant's actions. These wardens parked their vehicles so as to block the road which appellant must use to leave the lake. Appellant got into his truck and started up the road. When he saw that the road was blocked he stopped and began backing rapidly down toward the lake. Apparently realizing the futility of this maneuver, he stopped again and got out of his truck as the wardens approached on foot. Appellant greeted them as follows: "Well, you've got me. I'm guilty. I'm just a poor working man don't send me to Parchman. I'm just a poor man trying to make a living." Immediately the warden in charge advised appellant of his right to remain silent, his right to counsel, and that any statement made by him could be used against him. However, appellant already had made the spontaneous admissions to the wardens on stepping from his truck. At the time, he had not been placed under formal arrest, although the chief warden testified that appellant was then effectively restrained by reason of the road block and that it was their purpose to arrest him.
Appellant was then formally arrested and the 2 tubs of catfish in his truck were examined. It was discovered by the use of a steel measuring tape that 252 of the catfish in the tub were less than the 12 inch minimum length prescribed by the regulations of the Mississippi State Game and Fish Commission. The prosecution for their possession followed.
On the basis of the above uncontradicted testimony appellant's contention that he was entitled to a directed verdict is not well taken.
Appellant questions the legality of the search of his truck as a result of which the wardens were able to determine the illegal size of the fish.
Assuming, but not deciding, that in erecting the road block the wardens had so effectively restrained appellant of his freedom of action as to amount to an arrest in fact, we have concluded that, upon the record, there was probable cause justifying an arrest and search. The wardens' observation of appellant's illegal activities on the public lake did not invade his privacy nor violate any right secured to him by the United States or Mississippi Constitution. Moreover, appellant's admissions of guilt were spontaneous and voluntary, not the result of interrogation and were made before there was an opportunity to advise him of his rights with respect thereto.
For the reasons stated we have concluded that the arrest and search were lawful and the evidence obtained thereby admissible. Likewise, evidence of the spontaneous admissions of guilt was competent.
Mississippi Code 1942 Annotated section 5906 (Supp. 1966) levies a privilege tax upon commercial fishermen. Appellant had not paid this tax. It is argued by appellant that he could not have been guilty of the offense charged because not having paid the tax, he was not a "commercial fisherman" and that the regulation applies only to commercial fishermen. If it may be assumed that the offense of possessing catfish less than 12 inches in length is restricted to commercial fishermen, appellant's statement to the wardens that he had only been "trying to make a living" was sufficient to warrant a finding that his activities were commercial in nature rather than sporting. The argument is unsound that he could escape conviction by omitting to pay the tax.
*337 Other matters assigned as error which merit discussion include a contention that the court erred in overruling appellant's motion for mistrial.
After the trial had begun and court had recessed at noon, it was discovered that one of the jurors had served upon the jury which had heard the case in justice of the peace court. Out of the presence of the jury, the court announced this fact to counsel and stated that he was removing the juror and replacing him with the 13th or alternate juror as provided by Mississippi Code 1942 Annotated section 1792.5 (1956). Appellant's motion for a mistrial based upon these facts was overruled. The juror in question was then excused and was replaced by the alternate juror. The court made this announcement to the panel:
THE COURT: Gentlemen of the Jury, I have excused Mr. Dewitt Shepherd, one of the Jurors, for good and sufficient cause from the trial of this case, and I'm going to ask the thirteenth Juror, Mr. Stokes, to please take that seat up there.
Mississippi Code 1942 Annotated section 1792.5, supra, provides that one or two jurors, in addition to the regular panel, may be called and impaneled to sit as alternate jurors. The section provides further that such an alternate juror may be called to replace any juror who, prior to the time the jury retires to consider its verdict, has become unable or disqualified to perform his duty. Nothing appears in the record to indicate that appellant was prejudiced by this incident. The trial court handled the matter with entire circumspection and in accordance with the statute. In the complete absence of any showing of prejudice we do not think there was an abuse of discretion on the part of the trial court in overruling the motion. 23A C.J.S. Criminal Law § 1382 (1961) states:
Whether circumstances have arisen which require the discharge of the jury and the declaring of a mistrial rests largely in the discretion of the trial judge * * *.
Appellant next complains that the trial court erred in giving the following instruction:
The Court instructs the Jury for the State of Mississippi that you do not have to know that the defendant is guilty of the crime charged before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, and if you so believe, then it would be your sworn duty to find the defendant guilty as charged. (Emphasis added.)
Appellant criticizes this instruction for the omission of the fundamental requirement that the evidence exclude every reasonable doubt in order to justify conviction.
When the prosecution had rested its case, witnesses having testified as to the facts as stated, appellant elected not to offer evidence. Obviously, the sole office of the instruction was to give the jury the criterion to employ in passing upon the sufficiency of the evidence to convict. It did not purport to have any other purpose. It clearly is erroneous in informing the jury that "all" that the law requires is "belief" of guilt from the evidence. The instruction is defective in this respect and should never be given in any case without a qualifying proviso that the jury must believe fom the evidence beyond a reasonable doubt that the defendant is guilty in order to convict. Keys v. State, 155 Miss. 574, 124 So. 789 (1929); Jones v. State, 84 Miss. 194, 36 So. 243 (1904) and Godwin v. State, 73 Miss. 873, 19 So. 712 (1896).
In Hall v. State, 128 Miss. 641, 91 So. 397 (1922) an instruction was granted the State which was denominated by this Court in its opinion as "the manslaughter instruction" and enumerated for the benefit of the jury the 5 elements which would render the admitted homicide manslaughter rather than murder. The instruction did *338 not contain the qualification that the jury find from the evidence that these elements had been proved "beyond a reasonable doubt."
The court held that this omission rendered the instruction erroneous. The court affirmed the conviction, however, commenting on the fact that 14 other instructions given dealt with the standard or degree of proof required to convict, all of which, the court said, "Most emphatically stated that before the defendant can be found guilty the jury must believe beyond every reasonable doubt and to a moral certainty his guilt. In these instructions, the jury are clearly and forcibly instructed in various and different ways that the defendant must be found not guilty unless his guilt has been proven by the testimony beyond every reasonable doubt and to a moral certainty." The Court held that the error in the manslaughter instruction was one of omission and that the omission was supplied or "cured" by the other instructions.
In Walton v. State, 149 Miss. 406, 115 So. 215 (1928) the Court held that two instructions given for the State were erroneous, because the statement that proof of guilt must be beyond a reasonable doubt was omitted. Neither of these instructions, however, purported to deal with the standard or degree of proof necessary to convict but were devoted to evidentiary facts supporting the State's theory of the case. Another instruction granted the State expressly informed the jury that in order to convict, it was necessary that the guilt of defendant be established by evidence beyond a reasonable doubt. Other instructions also contained a statement of this requirement. In this situation, the Court held that the omission of the criterion from the two erroneous instructions was supplied by the other instructions and affirmed.
Both Hall and Walton, supra, held that it was error to give the instructions which omitted the requirement that guilt be established by evidence beyond a reasonable doubt. But the error in the instruction in each of those cases, unlike that in the present case, was one of omission. Here, this defective instruction was directed exclusively toward informing the jury as to the standard or degree of evidence required to convict and dealt with no other aspect of the case.
In both Hall and Walton, supra, "other instructions" complemented and supplied a deficiency in the erroneous instructions. In those cases, therefore, the instructions read together were neither contradictory nor inconsistent. Here, the sole purpose of the criticized instruction was to inform the jury as to the criterion by which they were to weigh the proof in determining the guilt or innocence of the accused. The jury was told that "all" that was necessary to convict was that they believe defendant guilty from the evidence. This is clearly not the law, and instructions giving a different, although a correct, standard could do no more than leave the jury with no certain guide upon this basic matter. The right to an acquittal unless proven guilty beyond a reasonable doubt is a valuable right and should be among those most jealously guarded. It is a fundamental concept of the criminal law. There can be no just or sufficient reason for requesting an instruction such as that granted in the present case. If the instruction is to be given at all, it must be expressly limited by the qualifying phrase "beyond a reasonable doubt."
However, in the case now before the Court, the proof of appellant's guilt is wholly uncontradicted. While defendant's guilt was for the jury, we are unable to see how appellant could have been prejudiced by the instruction under these circumstances.
Appellant also contends that legislative grant of authority to the Mississippi State Game and Fish Commission to adopt rules and regulations in the area of game and *339 fish conservation, a violation of which shall constitute a misdemeanor, is an unconstitutional delegation of the law making power.
Legislation of this type has been held to violate neither the United States nor the Mississippi Constitution. Lacoste v. Department of Conservation, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed. 437 (1924); Mississippi Milk Commission v. Vance, 240 Miss. 814, 129 So.2d 642 (1961). See also Krenz v. Nichols, 197 Wis. 394, 222 N.W. 300, 62 A.L.R. 466 (1928).
Following appellant's conviction upon the charge of illegally possessing the fish, in an opinion which appears in the record, the trial judge dealt at some length with the question of the penalty which should be imposed upon appellant. He concluded by stating that he would sentence appellant to pay a fine of $100 for illegally possessing the 252 fish, which is the maximum, "plus an additional $10 for each fish illegally taken." A judgment accordingly was entered under the terms of which appellant "for his said crime of illegal possession of 252 undersize catfish be and he is hereby sentenced to pay a fine of $100 and all costs of the court accrued herein plus a fine of $10 for each fish illegally taken or $2,520 for a total of $2,650 and all costs of the court accrued herein." (Emphasis added.)
Appellant asserts that this amounts to "cruel and unusual" punishment, and violates both the Mississippi and United States Constitutions. He argues that the total amount is grossly excessive, wholly disproportionate to the gravity of the offense of which he was convicted, and is equivalent to a sentence of imprisonment for debt. The State responds that if he is unable to pay the fine he may serve it out in jail, and, in such event, will have to serve "only" 2 years.
As previously pointed out, Mississippi Code 1942 Annotated section 5866, supra, provides that on conviction, the court may in its discretion impose an additional penalty upon the defendant of $10 for "each animal, bird, fish, or part thereof, * * * bought, sold, offered for sale, taken, possessed, or transported in violation of such law or regulation." Obviously, the offenses contemplated and proscribed by this section are separate misdemeanors. The penalty may be imposed following conviction of any one of the offenses enumerated. Here the appellant was charged only with illegal possession of fish contrary to the regulation. He was not charged with having illegally "taken" the fish nor convicted of that offense. In that situation, the court was in error in imposing the penalty of $10 per fish for the illegal taking of the fish. Nor is the error obviated by the fact that a similar penalty might have been imposed, in the discretion of the court, for illegal possession. The court's opinion, as well as the final judgment, make it quite clear, entirely beyond question in fact, that the penalty of $10 per fish was not imposed for possessing the fish but was for their illegal taking, a separate and distinct offense. Therefore that part of the sentence cannot be sustained.
Obviously the fine imposed was heavy. However, this Court does not interfere ordinarily with a sentence imposed by a trial court in a criminal case if authorized by law and within legally established limits. Here, we do not reach the questions posed by appellant's arguments to the effect that the fine is excessive or constitutes cruel and unusual punishment, as the sentence must be set aside and the case remanded in order that appellant may be properly sentenced for the crime of which he stands convicted. Whether the penalty is too harsh and out of proportion to the gravity of the offense are, at least in the first instance, matters for the trial court on remand, and as to what will be proper in that regard we express no opinion.
The conviction of the appellant for possessing fish in violation of the regulation will be affirmed. The case will be remanded *340 to the trial court for imposition of a proper sentence.
Affirmed as to conviction, reversed and remanded for imposition of proper sentence.
ETHRIDGE, C.J., and BRADY, INZER and ROBERTSON, JJ., concur.