278 So.2d 779 (1973)
Paul Wayne NASH
v.
STATE of Mississippi.
No. 47382.
Supreme Court of Mississippi.
June 5, 1973.
Rehearing Denied June 18, 1973.
*780 Fielding L. Wright, Jr., Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Paul Wayne Nash was indicted for the unlawful sale of marijuana, a controlled substance, by a grand jury of Jackson County. He was convicted and sentenced to twelve years in the state penitentiary by the Circuit Court of the county. He appeals from this conviction and presently contends that the trial court erred in permitting the State to reopen its case after it had rested and that the verdict of the jury was against the overwhelming weight of the evidence.
At the conclusion of the State's evidence and after the State had announced that it had rested, the defendant moved the court to exclude the evidence offered against him and to direct a verdict in his behalf. Whereupon, the State was permitted to reopen its case and recall a witness who identified the marijuana previously introduced into evidence as being the same which he received from the defendant. As mentioned, it is contended this was reversible error. We are of the opinion that this does not constitute error since we have long held that the reopening of a case is within the sound discretion of the trial court. Ford v. State, 218 So.2d 731 (Miss. 1969), and Riley v. State, 248 Miss. 177, 157 So.2d 381 (1963). There being nothing to indicate there was an abuse of this discretion, we conclude this assignment to be without merit.
It is next charged that the verdict of the jury was against the overwhelming weight of the evidence in that it was based upon the testimony of an undercover agent. We have reviewed the evidence in detail and are of the opinion that the jury's verdict is supported by it. We need not cite authority to support the established rule that the jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. It is also true that the testimony of a single witness is sufficient to sustain a conviction though there may be more than one witness testifying to the contrary.
The record overall supports the conviction of the appellant as a vendor of marijuana. Our review discloses no error in the proceedings resulting in prejudice to the defendant. His conviction and sentence will therefore be affirmed.
Affirmed.
RODGERS, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.