BROOM, Justice:
Burglary of an inhabited dwelling house was the crime for which appellant was convicted in the Circuit Court of Warren County, Mississippi. A sentence of twelve years in the state penitentiary was imposed against him and he appeals. We affirm.
Four issues raised on the appeal merit discussion:
1. Was there sufficient probable cause to arrest the appellant ?
2. Was the evidence sufficient to sustain the charge against appellant?
3. Did the trial court commit reversible error in admitting into evidence an incriminating admission made by appellant to the individual who owned the house which appellant burglarized?
4. Did the trial judge commit reversible error in asking the jurors if they desired to question a witness on the stand ?
The following facts are established by the testimony. During the nighttime on December 1, 1973, the dwelling house occupied and owned by Mr. Lee Barber and his family was burglarized. Barber was awakened by a noise and then he saw the appellant in a lighted hallway plundering in a closet. The appellant had been previously employed by the Barbers and was clearly identified by Barber at the trial. Before the Barbers retired and went to sleep that night, the house was secured and the doors locked. After the appellant exited the house through a woodbox which opened to the outside of the house, it was discovered that the lock on the woodbox had been pried loose and that the front door to the house was open. The appellant denied being inside the house and said that he was at a “juke joint” known as the “Deadening,” and other places during the night of the burglary.
I.
Appellant contends that his arrest was unlawful for the reason that there was not sufficient evidence to constitute probable cause for his warrantless arrest. *446 This issue is not properly before us because it was not raised in the lower court, and, therefore, is waived and not for consideration here. Evans v. State, 275 So.2d 83 (Miss.1973); Gordon v. State, 160 So. 2d 73 (Miss.1964). Regardless of waiver here, the arrest of the appellant was valid as being upon probable cause because in this case shortly after the burglary was committed Mr. Barber gave to the law officers information that appellant had burglarized his house, including a description of the appellant and his clothing and name. Upon the facts in the case we cannot agree that there was not probable cause to arrest appellant. Baylor v. State, 246 So.2d 516 (Miss.1971).
II.
It is also contended by appellant that the state failed to establish a breaking and entering of the dwelling house with intent to steal or to commit a felony. Obviously the indictment is based upon Mississippi Code Annotated section 97-17-21 (1972), which makes it a burglary to break and enter an inhabited dwelling house with intent to commit a crime.
In this case the evidence clearly showed that before appellant entered the Barber house, it was secured with the doors and woodbox closed and locked. After appellant was discovered in the house and exited it, an entrance door was open and the woodbox pried open. The exit of the appellant through the woodbox and into the yard, and his escape over the back fence were observed by Mr. Barber. Where a felonious breaking and entering is established as the evidence shows here, the criminal intent of appellant is sufficiently established from his actions and from the physical evidence which consisted of the pried open woodbox door and front door of the house. Newburn v. State, 205 So.2d 260 (Miss.1967); Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965).
III.
The most serious proposition asserted by appellant is his contention that the trial court committed reversible error in allowing into evidence testimony that appellant at the jail admitted the offense to Mr. Barber who owned the house which appellant burglarized. While on cross-examination, appellant was asked if he had made a statement to Mr. Barber in which he admitted that he was the one who had broken into the house and that if Mr. Barber would not prosecute him he would work for Barber “the rest of his life for $10 per week.”
The record shows that Deputy Sheriff Reed received custody of the appellant from the Vicksburg city authorities and then took him to the county jail where he booked appellant and advised him of his rights. According to Reed, the appellant asked him if he could talk to Barber (who was not then present), and within a short time appellant was permitted to talk with Barber. Appellant’s admission to Barber that he committed the burglary and would work for Barber for $10 a week if he were not prosecuted was in no way initiated by the officers and was not a result of any questioning or custodial interrogation by the law officers. The statement is within the logical rule set forth in 22A C.J.S. Criminal Law § 732, at 1050-51 (1961), which says that it is admissible without “a preliminary showing that the statement was voluntary” absent a suggestion that it “was not freely made” though such a preliminary showing “is not improper.” There is no suggestion whatever here that the statement which the appellant made in the jail to Barber, though incriminating, was not freely made, or induced by any unrefuted promise, threat or coercion. In such a situation upon the facts before us, the admission (initiated by appellant) made to the private individual, Barber, was properly received into evidence, not only for the purpose of impeaching appellant who had previously denied making any such ad *447 mission, but it was also admissible to establish his guilt.
Pertinent here are two cases involving criminal charges: Russell v. State, 220 So.2d 334 (Miss.1969), and Glass v. State, 278 So.2d 384 (Miss.1973). Russell held admissible a spontaneous admission of guilt made to game wardens by one observed in the act of illegally fishing by use of traps. Glass held admissible a voluntary statement made by an accused while working on the courthouse lawn — he made the statement to a Mrs. Nance, the widow of the person killed by the accused.
Controlling on this point is Oregon v. Hass, — U.S. —, 95 S.Ct. 1215, 43 L. Ed.2d 570 (1975), which ruled that an out of court inculpatory statement denied during the trial becomes admissible for impeachment purposes even though the out of court statement may have followed defective Miranda warnings. As said in Oregon, “the shield provided by Miranda is not to be perverted to a license to testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances.” See also, Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). The search for truth surrounded by constitutional safeguards is the purpose of a criminal trial and must not by unreasonable legalistic equations be perverted into a right-to-falsify evidence.
IV.
The final proposition which we reach concerns the action of the circuit judge who, during the progress of the trial, while a witness was on the stand, asked the following question: “Do any members of the jury care to ask this witness any questions?” The judge probably intended to inquire if all of counsel were ready to excuse the witness when he inadvertently addressed the jurors. More important is the fact that no response was made by any juror and no question was asked by any juror when this statement was made by the trial court. It is not pointed out or shown that this in any way prejudiced the appellant and, though inappropriate, this occurrence did not result in reversible error.
At the trial, believable evidence was presented by the state strongly indicating the guilt of the appellant. On the other hand, the jury had before it an alibi presented by the appellant, but the jury rejected the alibi and accepted the state’s proof, as it had a perfect right to do.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.