THOMAS, J.,
for the Court:
¶ 1. Vincent B. Ficklin appeals his conviction of possession of cocaine and sentence of eight years with the Mississippi Department of Corrections, assigning the following issue as error
I. WHETHER THE COURT ERRED IN ADMITTING THE COCAINE INTO EVIDENCE IN VIOLATION OF THE APPELLANT’S SEARCH AND SEIZURE RIGHTS?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On the night of September 25, 1998, Officer Pitts pulled over a motor vehicle, which he observed traveling at a high rate of speed and failing to make a legal stop at a stop sign on South First Avenue in the city of Forest. The driver of the vehicle was the appellant, Vincent B. Ficklin. A bag containing .97 grams of cocaine was found in Ficklin’s right pocket. A trial was held on February 15, 1999, and Ficklin was found guilty and sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections and to pay a fine of $1,500.
¶ 4. Sergeant Jeff Pitts, a police officer with the Forest Police Department, testified that Ficklin, driving a motor vehicle, passed him at a high and illegal rate of speed. Sergeant Pitts followed Ficklin and witnessed him fail to properly stop at the intersection of Oak Street and South First Avenue. Sergeant Pitts then stopped Ficklin’s vehicle. As Sergeant Pitts approached the vehicle, he noticed the odor of an “intoxicating beverage” in the vehicle and observed a liquor bottle on the floorboard. Sergeant Pitts asked Ficklin to produce his driver’s license, but Ficklin stated that he did not have one. Ficklin was then asked to step outside of the car and move to the back of the car. At this point Sergeant Pitts could smell alcohol on Ficklin and noticed that Fick-lin’s eyes were bloodshot. Sergeant Pitts inquired if Ficklin had been drinking, and Ficklin stated that he had. Sergeant Pitts then administered a field sobriety test on Ficklin, which he performed poorly.
¶ 5. As a result of the Ficklin’s moving traffic violations and the fact that he had been driving without a license and under the influence of alcohol, Sergeant Pitts determined that he should take Ficklin in for an intoxilyzer test. Sergeant Pitts placed handcuffs on Ficklin and frisked him for weapons and other dangerous objects. During the frisk, Sergeant Pitts felt a bulge in Ficklin’s right pocket. Ficklin consented to Sergeant Pitts’ request to disclose the object. Sergeant Pitts found that the bulge was a small bag containing .97 grams of cocaine.
ANALYSIS
I. WHETHER THE COURT ERRED IN ADMITTING THE COCAINE INTO EVIDENCE IN VIOLATION OF THE APPELLANT’S SEARCH AND SEIZURE RIGHTS?
¶ 6. This case regards the admissibility of evidence and also questions whether such evidence was lawfully seized. This Court’s standard of review as to the relevance and admissibility of evidence during trial is well established. “The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.” Weaver v. State, 713 So.2d 860, 865 (Miss.1997); see also Washington v. State, 726 So.2d 209 (¶ 26) (Miss.Ct.App.1998). Applying this standard of review, we find the evidence in question was properly admitted, and the trial judge did not abuse his discretion in admitting such evidence. We now affirm the trial court.
¶ 7. Ficklin argues that his detention went beyond the scope of a traffic stop and that the weapons search was illegal. It is well established that warrant- *1037 less searches, except for a few exceptions, are per se unreasonable. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, when a police officer has probable cause to arrest, he may conduct a pat-down for weapons. Terry v. Ohio, 392 U.S. 1, 11, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Thus, given the fact that Ficklin had committed several traffic violations, including possibly driving under the influence of alcohol and without a driver’s license, Sergeant Pitts had probable cause to arrest, therefore making the “Terry search” not only reasonable, but common procedure. The reasonableness of a search is in first instance for the trial court to determine. Mapp v. Ohio, 367 U.S. 643, 654, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Therefore, we agree with the trial court’s decision that the search was reasonable in the case at bar.
¶ 8. Furthermore, Ficklin argues that the seizure of cocaine from his person was illegal and the evidence should have been deemed inadmissible in court. In the case sub judice, Sergeant Pitts had probable cause to arrest Ficklin on account of his traffic violations and intoxication; therefore, the search of Ficklin would be permitted incident to an arrest. Our supreme court has stated that “[i]t is a long-standing rule in this, and other jurisdictions that, pursuant to a lawful arrest, law enforcement officials may seize personal effects and clothing from one who has been arrested.” Watts v. State, 733 So.2d 214 (¶ 52) (Miss.1999) (citations omitted). Additionally, the Supreme Court of Mississippi has held that where the defendant was speeding and appeared intoxicated, the officer had probable cause to arrest and search Ficklin. Barrett v. State, 219 So.2d 163, 166 (Miss.1969). We agree with such analysis and find that Sergeant Pitts had probable cause to arrest and search Fick-lin based on traffic violations and possible intoxication. The contraband that was seized and subsequently used to convict Ficklin was obtained from a lawful arrest based on probable cause. Therefore, based on the foregoing authority, the trial court did not err when it admitted the cocaine into evidence. The decision of the trial court should be affirmed.
¶ 9. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,500 IS AFFIRMED. ALL COSTS ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.