CHANDLER, J., for the court.
¶ 1. Andre Redmond was indicted by the Yalobusha County Grand Jury for auto theft and conspiracy to commit auto theft. Following a trial on the merits, the jury returned a guilty verdict to the lesser offense of accessory-after-the-fact to auto theft and Redmond was sentenced as a habitual offender to five years in the Mississippi Department of Corrections without the chance of parole. Redmond subsequently filed a motion for a new trial or in the alternative for judgment notwithstanding the verdict, which was overruled by the trial judge. Feeling aggrieved, Redmond perfected his appeal to this Court, requesting review of the following issues:
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING *1243 REDMOND’S SHOES INTO EVIDENCE WHEN THEY WERE OBTAINED WITHOUT A SEARCH WARRANT.
II. WHETHER THE TRIAL COURT ERRED WHEN IT ADMITTED PHOTOGRAPHS OF SHOE IMPRESSIONS TAKEN FROM THE CRIME SCENE.
III. WHETHER THE TRIAL COURT ERRED IN DENYING REDMOND’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.
STATEMENT OF THE FACTS
¶ 2. On June 24, 1999, Officer John Spence, a patrolman with the Water Valley Police Department, was conducting a “stakeout” of several local businesses that had recently been burglarized. He noticed the occupants of a dark vehicle acting suspiciously. Several minutes later, Officer Spence noticed a white car speeding away from the direction of the businesses. The occupants of both cars then congregated in the parking lot of a nearby baseball field. Officer Spence radioed Sergeant Marshall Jackson, requesting a stop of the two vehicles.
¶ 3. While both cars were in the parking lot, Sgt. Jackson, suspecting that one of the vehicles had been stolen, initiated a stop. Sgt. Jackson pulled in front of the dark vehicle, attempting to block off every possible means of escape. The white vehicle, however, slipped around Sgt. Jackson and the dark car and attempted to flee the scene. Sgt. Jackson proceeded after the white vehicle while another officer detained the occupants of the dark car.
¶ 4. As soon as Sgt. Jackson drew near the fleeing vehicle, the car stopped and two individuals jumped out of the car and ran into a nearby corn field. However, Sgt. Jackson, with his bright lights pointed at the white vehicle, was able to closely observe the two occupants before they escaped into the field. He stated that the occupant who exited the driver’s side of the vehicle was a black male wearing a green shirt and blue jeans.
¶ 5. After the suspects escaped, but pri- or to the police apprehending them, the crime scene investigator determined that the white vehicle had been stolen. The investigator pointed out that the back window had been smashed and part of the steering column ripped out.
¶ 6. At approximately 6:00 the next morning, an individual matching the description provided by Sgt. Jackson was apprehended as he was walking down the edge of the highway. The suspect, Redmond, was wearing a green tee shirt and a pair of blue jeans. Redmond was also wearing a pair of Nike shoes with soles that matched the imprints left at the crime scene.
LAW AND ANALYSIS
I. DID THE TRIAL COURT ERR IN ADMITTING REDMOND’S SHOES INTO EVIDENCE?
¶ 7. Redmond asserts in his first assignment of error that the circuit court erred by permitting the State to introduce the shoes he was wearing at the time he was apprehended into evidence. Specifically, Redmond contends that the police confiscated his shoes without first obtaining a warrant; therefore, as the fruits of an illegal seizure, the shoes should have been excluded from evidence.
¶ 8. In United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), the United States Supreme Court held that the warrant clause of the Fourth Amendment did not extend to post-arrest seizures of the suspect’s effects and clothing where the effects and clothing are *1244 evidence of the crime for which the suspect is being held. Edwards, 415 U.S. at 806, 94 S.Ct. 1234. In Edwards, the defendant was arrested and charged with breaking into a post office. He was then taken to jail and placed into a cell. As the investigation continued, the investigators discovered paint chips on a window in the post office; the window had been pried open. The next morning the investigators, without a warrant, seized the defendant’s clothing in order to search for paint chips. Id. at 802, 94 S.Ct. 1234. In upholding the validity of this search, the Supreme Court noted:
When it became apparent that the articles of clothing were evidence of the crime for which [the defendant] was being held, the police were entitled to take, examine, and preserve them for use as evidence, just as they are normally permitted to seize evidence of crime when it is lawfully encountered.
Id. at 806, 94 S.Ct. 1234.
¶ 9. The Mississippi Supreme Court, relying on the Supreme Court’s rule in Edwards, has consistently upheld the validity of searches and seizures. See Mitchell v. State, 792 So.2d 192, 207-08 (¶¶ 62-64) (Miss.2001) (holding that warrantless search of effects was valid following lawful custodial arrest); Watts v. State, 733 So.2d 214, 232(¶ 52) (Miss.1999); Brown v. State, 690 So.2d 276, 285 (Miss.1996) (pertaining to admissibility of shoes seized without warrant); Rankin v. State, 636 So.2d 652, 657 & n. 8 (Miss.1994) (distinguishing between search incident to arrest and rule announced in Edwards); Shell v. State, 554 So.2d 887, 896 (Miss.1989); Ficklin v. State, 767 So.2d 1035, 1037(¶ 8) (Miss.Ct.App.2000).
¶ 10. Based upon the evidence before us, we find that the police had probable cause to arrest Redmond. Sgt. Jackson witnessed Redmond, a black male, jump from the vehicle; he stated that Redmond was wearing a green tee shirt and blue jeans. The investigation later revealed that the vehicle had been stolen from a local business. Approximately three and one-half hours later, a black male was spotted walking down the highway; he was wearing a green tee shirt and blue jeans; furthermore, he was soaking wet and covered with grass and mud. It appeared as though he had been running. Sgt. Jackson was one of the arresting officers and identified the individual as the person he had seen exiting the vehicle. We find Sgt. Jackson’s identification, combined with Redmond’s appearance, provided the officers the authority to make an arrest. See Dotson v. State, 312 So.2d 444, 445-46 (Miss.1975) (noting that description of suspect and his clothing by witness supplied probable cause for subsequent arrest). See also Williams v. State, 763 So.2d 202, 204(¶ 7) (Miss.Ct.App.2000) (noting that “[p]robable cause exists where ‘the facts and circumstances within the arresting officer’s knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed’ ”). Additionally, the officers, pursuant to the rule announced in Edwards, had the authority to seize Redmond’s shoes in order to determine whether they matched the prints left at the crime scene. This is clearly a case where the defendant’s shoes were evidence of the exact crime for which he was being held; therefore, we hold that the shoes were seized pursuant to a valid arrest and admissible as evidence of the crime.
II. DID THE TRIAL COURT ERR WHEN IT ADMITTED PHOTOGRAPHS OF SHOE IMPRESSIONS TAKEN FROM THE CRIME SCENE?
*1245 ¶ 11. Redmond next argues that photographs of shoe prints taken from the crime scene should not have been admitted into evidence. According to Redmond, the photographs did not satisfy the test for relevancy as defined by Rule 401 of the Mississippi Rules of Evidence because the State could not establish a connection between Redmond and the shoe impressions. Rule 401 of the Mississippi Rules of Evidence states that relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401.
¶ 12. The Mississippi Supreme Court has consistently emphasized that the relevancy and admissibility of evidence are within the discretion of the trial court and, absent a clear abuse of that discretion, the trial court’s decision will not be reversed. Hentz v. State, 542 So.2d 914, 917 (Miss.1989). As long as the trial court does not deviate from the confines of the Mississippi Rules of Evidence, a high degree of deference will be given to its decision. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Moreover, “the admission or exclusion of evidence must result in prejudice and harm, if a cause is to be reversed on that account.” Jackson v. State, 594 So.2d 20, 25 (Miss.1992).
¶ 13. On this issue, Redmond attempts to distinguish the facts of the case at bar from a similar case decided by the Mississippi Supreme Court. Berry v. State, 575 So.2d 1 (Miss.1990). In Berry, the defendant was charged with capital murder. During the trial, the State introduced photographs and a plaster caste of shoe prints located near the victim’s body. Berry, 575 So.2d at 12. The trial court admitted the photographs and cast into evidence even though the State could not connect the defendant to the shoe prints. Id. The Mississippi Supreme Court affirmed, noting that a great amount of deference should be given to the trial judge in admitting evidence. Id.
¶ 14. Redmond argues that, unlike the defendant in Berry, he never confessed to the charges against him; therefore, the trial judge should not have been afforded as much deference in his decision to admit the photographs into evidence. We find Redmond’s argument tenuous and lacking in merit; furthermore, we find that the factual scenario underlying the case at bar provides a stronger example for the admissibility of photographs than the case of Berry in that, unlike the defendant in Berry, the shoe prints recovered in this case directly link Redmond to the theft of the vehicle.
¶ 15. Clearly, the photographs, when combined with the testimony of the crime scene investigator, are relevant to the issue pertaining to the theft of the vehicle. The photographs depicted a shoe print with a wavy pattern; Redmond was found several hours after the theft wearing shoes with the same wavy pattern discovered at the crime scene. Moreover, the owner of the body shop where the vehicle was stolen testified that he did not own a pair of shoes with a wavy pattern on the soles. As such, we find that the trial court did not abuse its discretion when it admitted the photographs.
III. DID THE TRIAL COURT ERR IN DENYING REDMOND’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 16. Redmond asserts in his final assignment of error that the evidence was insufficient to support the adverse verdict; accordingly, the trial court should have granted his motion for a JNOV. It is well settled that a motion for a JNOV challenges the legal sufficiency of the evidence. May v. State, 460 So.2d 778, 781 *1246 (Miss.1984). When this Court reviews a trial court’s denial of a motion JNOV, we consider “the sufficiency of the evidence as a matter of law ... in a light most favorable to the State.” McClain v. State, 625 So.2d 774, 781 (Miss.1993). This Court will accept all reasonable evidence supporting the guilty verdict as true, granting the State “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Wetz v. State, 503 So.2d 803, 808 (Miss.1987). This Court will only reverse where “no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.” Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
¶ 17. Redmond contends that, but for the testimony of Sgt. Jackson, there is no evidence linking him to the crime. In other words, Redmond asserts that a guilty verdict cannot be premised on testimonial evidence alone. We find Redmond’s argument completely void of merit as both this Court and the Mississippi Supreme Court have made it clear that a defendant may be found guilty on the unsubstantiated testimony of a single witness. Ragland v. State, 403 So.2d 146, 147 (Miss.1981). See also Williams v. State, 512 So.2d 666, 670 (Miss.1987); Nash v. State, 278 So.2d 779, 780 (Miss.1973); Spiers v. State, 231 Miss. 307, 313, 94 So.2d 803, 806 (Miss.1957) (stating that “the strength or weakness of testimony is not measured by the number of witnesses appearing for the respective sides of the lawsuits”); Grant v. State, 762 So.2d 800, 804(¶ 9) (Miss.Ct.App.2000).
¶ 18. The testimony of Sgt. Jackson clearly served as a strong basis for Redmond’s ultimate conviction. However, contrary to Redmond’s argument, there was evidence that corroborated Sgt. Jackson’s testimony, including the admission of Redmond’s shoes and the photographs linking the shoes to the crime scene. Regardless, assuming the testimony of Sgt. Jackson was the only piece of evidence supporting the conviction, we find that it was sufficient and a question best addressed by the jury, not this Court. See Collier v. State, 711 So.2d 458, 462(¶ 18) (Miss.1998) (noting that inconsistencies and contradiction in testimony of witness should be resolved by the jury); Benson v. State, 551 So.2d 188, 193 (Miss.1989); Groseclose v. State, 440 So.2d 297, 301-02 (Miss.1983); Nash, 278 So.2d at 780. Therefore, we affirm the trial courts decision to dismiss Redmond’s motion JNOV.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF ACCESSORY AFTER THE FACT TO AUTO THEFT AND SENTENCE OF FIVE YEARS WITHOUT THE OPPORTUNITY FOR PAROLE AND TO PAY RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.